NATHAN KELLER, Appellant, v. PAUL TOROS KEKLIKIAN, Respondent, No. 42434—244 S. W. (2d) 1001.

Division Two, December 10, 1951.

Motion for Rehearing or to Transfer to Banc Overruled, January 14, 1952.

920

*Barnhart & Wood, C. V. Barnhart* and *Marvin S. Wood* for appellant.

*Lloyd E. Boas* for respondent.

922

BARRETT, C.—In this action for $15,400 damages for personal injuries and damage to property the trial court has sustained the defendant's motion to dismiss the plaintiff's petition. In effect the trial court has entered judgment for the defendant upon the pleadings (Mo. R. S. 1949, Sec. 509.360) for the reason that the plaintiff is not entitled to ▇▇▇ maintain this action. Upon this appeal by the plaintiff the specific question for decision is whether, under the facts and circumstances set forth in all the pleadings, the cause of action or claim alleged in the plaintiff's petition was such a compulsory counterclaim that he was bound by The Civil Code Of Procedure, particularly Section 509.420, to have asserted the claim in a previous action between the same parties in which he was defendant and the present defendant was plaintiff.

In general, as disclosed by the pleadings, the facts and circumstances were these: On the 2nd day of December 1949 automobiles owned and driven by the present plaintiff, Keller, and the present defendant, Keklikian, collided on Robin Avenue. Keklikian engaged counsel and on the 23rd day of December 1949 instituted an action in the Circuit Court of the City of St. Louis against Keller to recover damages resulting from the collision. A summons and Keklikian's petition were duly served upon Keller. Keller carried automobile liability insurance in the Inter-Insurance Exchange of the Automobile Club of Missouri and in accordance with the terms of his policy turned the petition and summons over to his insurance carrier. On the 27th day of January 1950 Keklikian's counsel and counsel employed by the liability insurance carrier, in the names of the respective parties, filed a stipulation in the Circuit Court of the City of St. Louis in which it was recited that "All of the matters and things in controversy in the above entitled cause having been adjusted, compromised and finally settled, it is stipulated and agreed, by and between the above named plaintiff and defendant, that this cause

shall be dismissed with prejudice to any other or further action on account of the matters and things contained and set forth in plaintiff's petition, and that all costs shall be paid by defendant.'' On February 2nd, 1950 the Circuit Court of the City of St. Louis entered an order of dismissal in accordance with the terms of the stipulation. On March 29, 1950 Keller instituted this action in the Circuit Court of the City of St. Louis against Keklikian.

In answer to Keller's petition in this suit Keklikian admitted the collision but denied that it was caused or contributed to in any way by negligence on his part. He pleaded the fact of his having instituted the action against Keller, service of process on Keller and that ''the plaintiff in this action had the claim against this defendant which is asserted in the petition in the present case and said claim was not the subject of a pending action at that time.'' He pleaded that Keller's claim arose out of the same transaction or occurrence and was a compulsory counterclaim under Section 509.420 which Keller was bound to assert in the original action and having failed to assert it that the claim was adjudicated in the former action and that Keller is now estopped from asserting it.

Keklikian then filed a motion to require Keller to file a reply. Keller first filed a motion to strike that part of the answer which pleaded Keklikian's former suit, the stipulation and the facts concerning the judgment of dismissal. That motion was overruled and Keller, in response to the court's ruling on Keklikian's motion, filed a reply. In his reply Keller admits the institution of the original suit by Keklikian but pleads ''that prior to the expiration of time allowed defendant therein to plead thereto, said action was dismissed pursuant to stipulation.'' In explanation and avoidance of the former suit and its disposition Keller replied that at the time of the collision an automobile liability insurance policy issued to him was in full force and effect and that under the provisions of the policy his liability was insured and that it was his duty under the terms of the policy to notify his insurance carrier who had the right to investigate any claims or suits, employ counsel and settle any claim or suit without his acquiescence or consent and without notice to him. He then replied that under the terms of the policy he delivered the petition and summons to the insurance company and that the company settled and compromised the suit and filed the stipulation for dismissal without notice to him and without his knowledge or consent. He states in his reply that the lawyers were employed by and represented the insurance company and did not represent him ''in regard to any matters or things arising out of said automobile accident; that the representation of plaintiff (Keller) * * * by said attorneys was pursuant to the provisions of the aforesaid policy of insurance'' and that the cause was dismissed pursuant to the stipulation ''prior to the filing on behalf of plaintiff (Keller) * * * of any pleading within

the meaning of the provisions of the Rules For Civil Procedure * * * and prior to the expiration of time allowed a defendant to assert a compulsory counterclaim'' under the code. He also replied that the attorneys employed by the insurance company acted solely and exclusively for the benefit of the insurance company and at no time were they ''acting for or on behalf of plaintiff as his express or implied agent.'' In conclusion he replied that the judgment of dismissal, pursuant to the terms of the stipulation, was with prejudice only to any other or further claim by Keklikian and was not res adjudicata as to any claim he may have had against Keklikian. Upon motion, in this state of the pleadings, the trial court dismissed the plaintiff's petition and entered judgment for the defendant.

As we view the essential merits of the appeal it is not necessary to determine whether the judgment of dismissal in the first action was with or without prejudice to Keller's rights, or to decide whether that judgment was res adjudicata of Keller's claims arising out of the subject matter of the occurrence and of Keklikian's suit. It may be noted, however, that under the express provisions of the code a dismissal ''with prejudice'' operates as an adjudication upon the merits while a dismissal ''without prejudice'' permits the bringing of another action for the same cause *''unless the action is otherwise barred''* (Mo. R. S. 1949, Sec. 510.150), except that no dismissal of a plaintiff's cause operates to dismiss or discontinue a filed counterclaim. Mo. R. S. 1949, Sec. 510.170. The essence of the appeal is whether, under the pleaded facts and circumstances, Keller having failed to assert his claim in the original action is precluded by reason of the Civil Code Of Procedure, particularly Section 509.420, from subsequently asserting the claim in this separate and independent action.

In support of his argument that the trial court was in error in dismissing his petition the plaintiff, Keller, first contends that the fact of his insurance company's settling Keklikian's suit does not preclude him from asserting his own claim for damages arising out of the same collision for the reason that the insurance company was acting for and in its own behalf and interest and not as his agent. This argument is but partially valid, and in any event does not have the compelling force plaintiff attributes to it. It may be assumed for the purposes of this opinion that one's insurance carrier, or lawyers selected by the company, has no authority to settle the insured's claim or otherwise dispose of his substantial rights without the knowledge or consent of the assured, in the absence of any other factor, but it does not follow, that whatever action the assured and the company may take, or whatever course they may pursue, under the terms of their contract does not adversely affect the assured and his rights. As the Massachusetts court has said, ''He cannot turn over to any insurer the whole management of the subject of settlements in his behalf and

accept the benefit of the insurer's efforts when they are successful and relieve him from liability but repudiate their consequences when they affect his defense adversely. It is no answer to say that the company acts in its own behalf, and that the defendant cannot control its conduct. It does act in its own behalf, but it also acts in behalf of the defendant to the extent of his interest in the defense, although by the terms of the contract the company may exercise its own judgment to its own advantage uncontrolled by the defendant.'' Hayes v. Gessner, 315 Mass. 366, 52 N. E. (2) 968, 969. See also in this connection: Long v. Union Indemnity Co., 277 Mass. 428, 178 N. E. 737; Ross v. Stricker, 153 Ohio S. 153, 91 N. E. (2) 18. In Burnham v. Williams, 198 Mo. App. 18, 194 S. W. 751, the assured was involved in a collision not due to his negligence but the insurance company, after a threat of suit, settled with the driver of the other automobile. It was held in that case that negligence was the determining factor of liability in Missouri and that the insurance company, while it had the right under the terms of its policy to settle any claims against the assured, was not his agent and had no authority to so act as to estop the assured from asserting any claim he may have had against the party negligently causing the collision. (See also Jetton v. Polk, (Tenn.) 68 S. W. (2) 127.) It should be carefully noted however that the assured in that case informed his insurance carrier of all the facts and insisted from the beginning that he was not at fault in causing the collision. That case did not involve a suit against the assured and, of course, there was no question concerning a compulsory counterclaim under the present Code of Civil Procedure. In this case we do not know whether Keller's negligence or Keklikian's negligence caused the collision. All we know is that Keklikian first brought an action, which was settled, alleging that Keller was negligent and now Keller brings an action alleging that Keklikian was negligent. It does not appear from the pleadings whether Keller informed his insurance company of all the facts and it does not appear that he informed his company that he was not at fault. All that appears from the pleadings is that an action was instituted against him and that pursuant to the terms of his policy he turned the petition and summons over to his insurance company and the cause was disposed of by stipulation without notice to him. This is not to be understood as delimiting the rights, duties or actions of an assured and his liability insurance carrier under the terms of their policy; but it is to say that in the pleaded circumstances, in the absence of any other factor, the assured, Keller, must have known by reason of his contract that some action would necessarily be taken by his insurance carrier in the suit instituted against him and to that extent at least the company and its lawyers were his authorized agents and acted for and in his behalf when they entered into and filed the stipulation. Hayes v. Gessner, supra; Ross v. Stricker, supra.

A stipulation is not one of the usual pleadings within the meaning of the Civil Code of Procedure, but it is "a proceeding in court, under the court's supervision." Huegel v. Huegel, 329 Mo. 571, 575, 46 S. W. (2) 157; Brookings State Bank v. Federal Reserve Bank, 291 Fed. 659. In this cause it was entered into and filed before an answer was either due or filed and, so far as appears, at that time was entered into between the parties without regard to the state of the pleadings. Galbreath v. Rogers, 30 Mo. App. 401, 405. There was no attempt on Keller's part to have the judgment and stipulation modified or set aside within thirty days of the entry of the judgment. Kidd v. Kidd, (Mo. App.) 229 S. W. (2) 270. As a matter of fact there has never been an attack of any kind upon the stipulation and judgment except to claim that they were but unauthorized dismissals without prejudice and were not res adjudicata of Keller's claim. "In some instances and under some circumstances courts will relieve parties of stipulations made in a cause, but it is never done merely for the reason that the case has gone contrary to the expectation of the stipulator." Galbreath v. Rogers, supra. As to the entering into and filing of the stipulation, as well as the judgment, in this case there is no claim of fraud, duress or mistake, and, until attacked or set aside the stipulation is binding upon the parties with whatever force and effect "a proceeding in court" may have. Hansen v. Ryan, (Mo.) 186 S. W. (2) 595; Carpenter v. City of Versailles, (Mo. App.) 65 S. W. (2) 957; Greenspahn v. Joseph E. Seagram & Sons, 186 Fed. (2) 616.

The plaintiff does not claim that he failed to set up his counterclaim through "oversight, inadvertence or excusable neglect," so as to require leave of court for its filing. Mo. R. S. 1949, Sec. 509.450. He claims that he had an absolute right under Section 509.420 to file his compulsory counterclaim at any time prior to the filing of one of the pleadings enumerated in Section 509.010. And again, in the absence ▮▮▮ of any other factor, it may be assumed, as a general rule, that he had that right. But in this cause he did not elect to pursue that course, instead an authorized stipulation of dismissal was filed on his behalf and there was no indication of an intention on his part to file either a suit or a counterclaim, although his present action was instituted on the 29th day of March 1950, the judgment of dismissal having been entered on the 2nd day of February 1950. As applied to this case Section 509.420 is as follows: "A pleading shall state as a counterclaim any claim * * * which at the time of *filing* the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrences that is the subject matter of the opposing party's claim * * *." This statute, including the inadvertent use of the word "filing" rather than the word "serving" (3 Moore, Federal Practice, Sec. 13.01 (3-4)), was substantially copied from Rule 13 of the Federal Rules of Civil Procedure. The purpose

927

and objective of this section of the code "is to discourage separate litigations covering the same subject matter, and to require their adjudication in the same action." State ex rel. Fawkes v. Bland, 357 Mo. 634, 645, 210 S. W. (2) 31. It is a means of bringing all logically related claims into a single litigation "through the penalty of precluding the later assertion of omitted claims" (Cantrell v. City of Caruthersville, 359. Mo. 282, 287, 221 S. W. (2) 471) and when applicable is as its usual title implies *compulsory* or mandatory. State ex rel. Mack v. Scott, (Mo. App.) 235 S. W. (2) 106; State ex rel. Fawkes v. Bland, supra. Both claims, Keller's and Keklikian's, arose out of an automobile collision, and the collision was an "occurrence" within the meaning of the statute. Sinkbeil v. Handler, 7 F. R. D. 92, 97. Keller's claim arose and was in existence at the time of the collision and it had matured and was in existence when Keklikian instituted the first action against him. And, "at the time of filing" the authorized stipulation on the 27th day of January Keller's existing claim or cause of action was certainly the subject of Keklikian's pending suit, and it is plain beyond question that he is now attempting to assert as an independent claim or cause of action that which he should have asserted as a compulsory counterclaim in the original action. Coates v. Ellis, (D. C.) 61 Atl. (2) 28; Ross v. Stricker, supra. In the pleaded circumstances, having "proceeded in court" and permitted the disposition of Keklikian's action to his benefit and having failed to file his counterclaim as the statute contemplates, he is precluded from asserting it now in this separate and independent cause of action.

Accordingly the judgment is affirmed. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.