Fuld, J.
(concurring). I reach the same decision the majority does but by a different route. Although I agree with Judge Bee GAN that there was no prior adjudication of the plaintiffs’ claims in the Federal court, I, nevertheless, believe that the defense of res judicata is available to the defendants because of the compulsory counterclaim rule prescribed by the Federal Rules of Civil Procedure. The cases are clear that, if a defendant in a Federal suit is required to file a counterclaim but does not, the resulting judgment of the District Court will be res judicata as to the merits of the counterclaim which should have been pleaded. Rule 13 (subd. [a]) of the Federal Rules, insofar as relevant, provides:
“A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if * * * at the time the action was commenced the claim was the subject of another pending action ”.
There can, of course, be no doubt that the claims which the plaintiffs now assert arose, to cull from the rule, out of the same *109 “ occurrence [as was] the subject matter of the opposing party’s claim (See, e.g., Sinkbeil v. Handler, 7 F. R. D. 92, 97; Keller v. Keklikian, 362 Mo. 919.) And, since — to quote again from Rule 13 (subd. [a]) —“ the presence of third parties ” was not required for the adjudication of the Cummings’ claims, nor were those claims “ the subject of another pending action ” when the Federal suit was commenced, it is indisputably clear that the plaintiffs now before us should have interposed as counterclaims in the earlier litigation the very causes of action now sued upon. Having failed to do so, it necessarily follows that the judgment entered (by the District Court) is res judicata as to the merits of the counterclaims which should have been pleaded. (See United States v. Eastport S. S. Corp., 255 F. 2d 795, 805; Pesce v. Linaido, 123 So. 2d 747 [Fla. Dist. Ct. App.]; Mensing v. Sturgeon, 250 Iowa 918, 925; Keller v. Keklikian, 362 Mo. 919, supra; Horne v. Woolever, 170 Ohio St. 178; Beach v. Runnels, 379 S. W. 2d 684 [Tex. Civ. App.].)[1] A.s the Federal Court of Appeals for this circuit said in the Eastport S. S. Corp. case (255 F. 2d, at p. 805), “whenever a compulsory counterclaim is not pleaded in an action where it should have been pleaded the judgment entered in that action is clearly res judicata as to the merits of the unpleaded counterclaim.” This sound result has also obtained, as indicated, in every State court which has had occasion to pass on the matter. In Horne v. Woolever (170 Ohio St. 178, supra), a case virtually identical with the one before us, the high court of Ohio, expressly holding that the second suit, instituted in the State court, was barred by operation, of the Federal Rule, declared: “It is apparent * * * that the cause of action set forth in plaintiff’s petition is one that Rule 13 would have required plaintiff to assert as a counterclaim in defendant’s federal court action * * *. To the extent to which a judgment of a federal court operates as res adjudicata in that court, it operates as res adjudicata in the courts of this state ” (p. 183). And, in my view, it likewise operates as res judicata in New York.

. The defendants, it is true, did not allege or refer to Rule 13 but, having asserted the Federal judgment as a bar to the plaintiffs’ present cause of action, they were not required to go further and plead the legal effect or construction to he accorded that judgment in the light of the Federal Rule.