Lester J. BLACK, Appellant,

v.

Perry SANDERS, d/b/a Perry Sanders
Plumbing and Heating Com-
pany, Respondent.

No. 52230.

Supreme Court of Missouri,
Division No. 1.

April 10, 1967.

Motion for Rehearing or to Transfer to Court
En Banc Denied May 8, 1967.

James S. Formby, Formby & Paden, and
Koenigsdorf, Kaplan, Kraft, Adelman &
Fox, Kansas City, for appellant, Lester J.
Black.

John C. Milholland, A. J. Anderson, Har-
risonville, for respondent.

SAMUEL E. SEMPLE, Special Judge.

This is an action by appellant Black for
$25,000 damages for personal injuries, and
appeal from an order of the trial court sus-

taining respondent Sanders' motion for summary judgment.

This suit arises out of a collision which occurred on October 10, 1960, between a truck operated by appellant Black and a truck owned by respondent Sanders and operated by one Willie A. Hayden, an employee of respondent. On October 19, 1960, Hayden filed suit against appellant Black in the Circuit Court of Cass County, Missouri, for damages for injuries sustained as a result of alleged negligence of Black in causing the collision. The case was removed within twenty days to the United States District Court by attorneys representing Black's liability insurance company. On November 26, 1960, appellant Black, through his own personal attorneys, filed this present action in the Circuit Court of Cass County, Missouri, against respondent Sanders for damages sustained as a result of alleged negligence of Sanders' employee Hayden in causing the same collision. On February 26, 1962, appellant filed a first amended petition and on June 18, 1962, respondent filed answer to the first amended petition and also filed a counterclaim against appellant. On July 10, 1962, appellant, represented by the attorneys for his insurer, filed a reply to respondent's counterclaim. Thereafter, counsel for appellant's insurer settled Hayden's suit against appellant. In accomplishing the settlement a release was taken from Hayden which provided:

"It is further understood and agreed that the payment of said amount is not to be construed as an admission of liability upon the part of said persons, firms or corporations hereby released, liability being by him or them expressly denied."

Appellant's insurance attorney, on behalf of appellant, also entered into a stipulation of dismissal with Hayden's attorneys which read as follows:

"Comes now the plaintiff and the defendant, and this cause being fully settled and compromised, they do hereby stipulate and agree that this case may be and is hereby dismissed with prejudice at the costs of the defendant, but this stipulation shall in nowise effect the right of Lester J. Black to prosecute a claim vs. Perry Sanders, Cass County, Missouri, No. 27739."

This stipulation was filed on November 9, 1962, and on the same date the federal court entered an order of dismissal with prejudice of Hayden's suit against appellant.

On January 28, 1963, respondent Sanders filed a motion for summary judgment in this action on the theory that the dismissal of Hayden's claim with prejudice operated as an adjudication on the merits and that the settlement of Hayden's claim operated to release respondent Sanders whose liability was based solely on the acts of Hayden, his servant. Thereafter, on February 7, 1963, appellant, with leave filed his second amended petition. On March 18, 1963, the court overruled respondent's motion for summary judgment to appellant's first amended petition. On June 18, 1963, respondent again filed a motion for summary judgment to appellant's second amended petition on the same theory that the dismissal of Hayden's claim against appellant, with prejudice, operated as an adjudication on the merits and that the settlement of Hayden's claim operated to release respondent Sanders. In opposition to the motion appellant filed an affidavit of the attorney of his insurance company who represented appellant in the claim of Hayden and the settlement thereof. By this affidavit the attorney stated that he was the attorney for appellant Black's insurance company; that he negotiated the settlement of Hayden's claim against Black in federal court; that he did not advise Black of the release he obtained from Hayden; that the stipulation of dismissal of the Hayden claim contained an agreement that the dismissal would in no way affect the right of Black to prosecute his claim against Sanders in Cass County Circuit Court, and that he did not represent Black personally.

Appellant also filed his own affidavit in opposition to the motion in which he stated that his insurance company attorneys removed the case Hayden filed against him to federal court and later settled said suit; that the settlement and stipulation of dismissal were made without notice to him and without his knowledge; that he first learned that the case had been settled on February 12, 1963, and that he had never at any time ratified or adopted the settlement or stipulation of dismissal.

On September 13, 1963, the court sustained respondent's motion for summary judgment. After an unavailing motion to set aside judgment or to grant a rehearing appellant filed an appeal to this court. This appeal was dismissed as being premature because the judgment of the trial court was not final as it did not also dispose of respondent's counterclaim which was still pending at that time. Thereafter, respondent's counterclaim having been dismissed, appellant again appeals from the trial court's decision sustaining respondent's motion for summary judgment directed to appellant's second amended petition.

Appellant contends that his present cause of action against respondent Sanders was not barred by the order and stipulation of dismissal with prejudice in the case maintained by Hayden in federal court because the stipulation specifically reserved the right to maintain this action against respondent. Respondent answers this contention by saying that the dismissal, with prejudice, of the claim of Hayden operates as an adjudication on the merits and when appellant settled Hayden's suit against him he gave up any rights that he might have to sue Hayden based on Hayden's negligence and that a release of Hayden from liability would serve to release respondent Sanders whose liability was based solely on the negligent acts of his servant, Hayden. Respondent relies primarily on the rule applied in Keller v. Keklikian, 362 Mo. 919, 244 S.W. 2d 1001, and Max v. Spaeth, Mo.Sup., 349 S.W.2d 1, and cases from other jurisdictions which have applied the rule in the Max case.

Respondent's contention avoids giving meaning to the settlement and the stipulation filed dismissing Hayden's claim against appellant and emphasizes only the dismissal provision of the stipulation. In the situation presented here it appears that the rule applied in Max v. Spaeth, supra, and Keller v. Keklikian, supra, relied upon by respondent is not applicable. The circumstances presented by this record are governed by the rule that "[a] liability insurer's settlement of a claim against the insured, made without the insured's consent or against his protests of nonliability, and not thereafter ratified by him, will not ordinarily bar an action by the insured against the person receiving the settlement, on a claim arising out of the same state of facts." Pierson v. Allen, Mo.Sup., 409 S.W.2d 127, 129; Portell v. Pevely Dairy Co., Mo.Sup., 388 S.W.2d 790, 792; Kirtley v. Irey, Mo.Sup., 375 S.W.2d 129, 134.

In considering the effect of the settlement and dismissal of the claim of Hayden against appellant it is apparent from this record that appellant was represented by an attorney employed by his insurer. This attorney on behalf of appellant took a release from Hayden containing a specific protest of liability and entered into a stipulation expressly reserving appellant's claim against respondent in the Circuit Court of Cass County in order to prevent the very contention now raised by respondent. Appellant has not ratified or admitted any claim or allegation of negligence or fault to the matters alleged by Hayden in his suit, and only those matters have been adjudicated which bar Hayden from further action on his claim, the issues raised by appellant in his claim against respondent having been expressly reserved for future adjudication. Pierson v. Allen, supra, 409 S.W.2d l. c. 129, 130.

In further consideration of the force and effect of the stipulation of dismissal and

the dismissal in the Hayden claim it has been held that " '[a] stipulation is an agreement between counsel with respect to business before a court, and is not one of the usual pleadings, but is a proceeding in the cause and as such is under the supervision of the court * * *.' They are controlling and conclusive, and courts are bound to enforce them." Pierson v. Allen, supra, 409 S.W.2d l. c. 130. It has also been stated that "[a] stipulation should be interpreted in view of the result which the parties were attempting to accomplish" and that "[s]tipulations varying or altering trial procedure, or waiving the benefit of procedural statutes, have been consistently enforced by our courts in the absence of any claim of fraud, duress or mistake * * *." Landers v. Smith, Mo.App., 379 S.W.2d 884, 888. It is clear in this case that at the time Hayden's claim was settled a specific reservation was made that appellant Black could proceed in asserting his claim arising out of the same accident against respondent. The provisions of the stipulation of dismissal with prejudice of the Hayden claim were not as broad or inclusive as those found in Keller v. Keklikian, supra, and Max v. Spaeth, supra, relied on by respondent. In both of those cases the stipulations recited that "all the matters and things in controversy in the above entitled cause having been adjusted, compromised and finally settled." The distinction drawn as to the Keller and Max cases in Landers v. Smith, supra, is sufficient for distinguishing those cases from the present case because there was not in either of the Keller or Max cases a reservation of the settling party's right to pursue his own claim.

■ Respondent contends that the employee Hayden cannot settle his claim against appellant and yet, by his stipulation for dismissal, reserve the claim against his employer, the respondent herein. This contention is without merit as the court in Portell v. Pevely Dairy Co., supra, held, in effect, under circumstances similar to the present case that the settlement of an employee's claim did not bar the continued assertion of a claim against the employer based on the employee's alleged negligence when the stipulation of dismissal (executed on claimant's behalf by his insurer's attorney without his knowledge and without ratification by him) contained a reservation of the right of claimant to pursue his action against the employer.

■ Respondent also contends that Hayden was released from any liability to appellant because appellant failed to assert his claim as a compulsory counterclaim in Hayden's suit and thus Hayden's release from liability served to release his employer, the respondent, from any liability to appellant. It does not appear that the force of the compulsory counterclaim rule should apply here. There is no indication in this record that appellant deliberately waived filing a counterclaim in the Hayden suit. The court in that case, up to the time of the settlement and dismissal, had the discretionary power to permit the appellant, by amendment, to file a counterclaim. Rule 13(f) Federal Rules of Civil Procedure; see also Civil Rule 55.48, V.A.M.R. The case was settled and dismissed without a trial on the merits. Appellant was represented in the case by an attorney employed by his insurer who settled the case on a release specifically protesting and denying liability on behalf of appellant and such settlement and dismissal was obtained without appellant's knowledge or consent and was not thereafter ratified by him. It does not appear under such circumstances that the failure to file a counterclaim by appellant prior to such settlement and dismissal of Hayden's claim should act as a bar to any assertion of liability appellant might make against Hayden. See the rule previously cited in Pierson v. Allen, supra, 409 S.W.2d l. c. 129; Portell v. Pevely Dairy Co., supra, 388 S.W.2d l. c. 792; Kirtley v. Irey, supra, 375 S.W.2d l. c. 134.

This is not a case where, if appellant were to proceed on his claim against respondent based on employee Hayden's negligence and recover a verdict, both appellant

and Hayden would be permitted to recover for the negligence of the other because Hayden's recovery was had upon a release which prohibited construing the settlement as an admission of liability; whereas, a jury verdict in favor of appellant would be an adjudication of liability on respondent based on the negligent acts of his employee Hayden. Pierson v. Allen, supra, 409 S.W.2d 1. c. 131.

Under the circumstances presented in this case and the authorities quoted, appellant should not be barred from asserting his claim against respondent by a proper compromise of the employee Hayden's claim which reserved to appellant his right to pursue his claim against this respondent. The trial court erred in sustaining respondent's motion for summary judgment.

■ Appellant also contends that the decision of the trial court overruling respondent's motion for summary judgment on the first amended petition was conclusive, and that the doctrine of res judicata applies as no appeal was taken from that decision, and concludes that the motion for summary judgment on the second amended petition, being on the same issue, precluded the court from ruling differently on the second motion. Because of the view taken on appellant's other contentions it is not necessary to go into this question other than to state that appellant's argument apparently assumes that the ruling on the motion to the first amended petition was a final appealable order. This assumption is not correct. The ruling on the first motion was made over a month after appellant had, with leave of court, filed his second amended petition. The respondent also had at this time a counterclaim pending. The trial court still had control of the case on the second amended petition and the unresolved counterclaim. Under the complex condition of the pleadings at the time of ruling on the first motion it obviously cannot be said to have been a final judgment.

For the reasons indicated, the judgment is reversed and the cause remanded.

PER CURIAM:

The foregoing opinion by SEMPLE, Special Judge, is adopted as the opinion of the Court.

All concur.