Theresa A. TILLISON and Raymond Tillison, Plaintiffs/Appellants,

v.

John L. BOYER, Nancy F. Boyer, Washington County Memorial Hospital and East Missouri Action Agency, Defendants/Respondents.

No. 69821.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 24, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 5, 1997.

Application to Transfer Denied
March 25, 1997.

Eckelkamp, Eckelkamp, Wood & Kuenzel, Louis B. "Buzz" Eckelkamp, III, Washington, for Plaintiffs/Appellants.

Kosta and Associates, George F. Kosta, St. Louis, for Defendants/Respondents.

PUDLOWSKI, Judge.

Theresa Tillison (Tillison) was paralyzed when, while walking across Washington County Memorial Hospital's (Hospital's) parking lot, a dead tree near the hospital's property line fell on top of her. The tree was located on John and Nancy Boyer's (Boyers') property. Tillison and her husband sought damages from the Boyers and the hospital, as well as from the East Missouri Action Agency (Agency). As a division of the state, the hospital claimed sovereign immunity and filed a motion to dismiss. The trial court sustained the motion, and the Tillisons appeal. Because there are no facts alleged in the Tillisons' petition to show the hospital had control over the dead tree, we affirm.

## I.  Background

Following the Tillisons' institution of this action the hospital filed a motion to dismiss, arguing it was a political subdivision of the state and as such was immune from liability under a theory of sovereign immunity. § 537.600.1 RSMo. The Tillisons argued the dead tree constituted a dangerous condition as defined in § 537.600.1(2) RSMo and was therefore a statutory exception to the theory of sovereign immunity. The trial court granted the motion and entered a final order and judgment. The Tillisons now appeal.

## II.  Standard of Review

Before addressing the merits of the Tillisons' appeal, it is important to reiterate the guidelines which govern this court when reviewing a motion to dismiss. "[W]e must determine if the facts pleaded and the inferences reasonably drawn therefrom state any ground for relief. We treat the facts averred as true and construe all averments liberally and favorably to appellant." *Kanagawa v. State By and Through Freeman*, 685 S.W.2d 831, 834 (Mo. banc 1985). "The appellate court will reverse the trial court's dismissal of a pleading for failure to state a claim upon which relief can be granted if after viewing the pleading in its broadest intendment ... the averments invoke principles of substantive law which may entitle plaintiff to relief." *Halamicek Bros. Inc. v. St. Louis County*, 883 S.W.2d 108, 109 (Mo.App.E.D.1994). With this in mind, we now turn to the Tillisons' appeal.

## III.  The Tillisons' Appeal

A. *Whether the motion to dismiss was proper where the Tillisons failed to allege any facts which revealed the hospital controlled the property on which any part of the tree was located.*

In their sole point on appeal the Tillisons argue the trial court erred in granting the hospital's motion to dismiss because the tree constituted a dangerous condition of the hospital's property. Even though the tree was not located on the hospital's property, the Tillisons argue the hospital was still liable in its failure to warn since it had prior knowledge that parts of the dead tree had previously fallen onto its property. As a result, the tree was a dangerous condition of the property and thus constituted an exception to the theory of sovereign immunity. We disagree.

It is undisputed the hospital is a political subdivision of the state. The hospital is therefore entitled to the protection of sovereign immunity as provided in

§ 537.600.1 RSMo. *Twente v. Ellis Fischel State Cancer Hospital,* 665 S.W.2d 2 (Mo. App.W.D.1983). However, § 537.600.1(2) RSMo provides that if a dangerous condition exists on the public entity's property then sovereign immunity is waived. In interpreting this statute, this court has noted the plaintiff must prove: "1) a dangerous condition of the property; 2) that the plaintiff's injuries directly resulted from the dangerous condition; 3) that the dangerous condition created a reasonably foreseeable risk of harm of the kind the plaintiff incurred; 4) that a public employee negligently created the condition or that the public entity had actual or constructive notice of the dangerous condition." *Kanagawa,* 685 S.W.2d at 834–835. While this exception must be narrowly construed, it must be given its plain meaning. *James v. Farrington,* 844 S.W.2d 517, 520 (Mo.App.W.D.1992).

■ In order for something to be a dangerous condition, it must be something physical in nature on the property. *Twente,* 665 S.W.2d at 12; *Kanagawa,* 685 S.W.2d at 835; *Jones v. St. Louis Housing Authority,* 726 S.W.2d 766, 774 (Mo.App.1987); *Alexander v. State,* 756 S.W.2d 539, 542 (Mo. banc 1988). The Tillisons point to *Alexander* and argue the Supreme Court has held it is not necessary that the condition be an actual *physical* defect, but rather a non-physical condition can be dangerous because its existence poses a physical threat. We disagree.

In *Alexander,* the plaintiff injured his back when he stepped off a ladder and onto a folding room partition that had been placed at the foot of the ladder. In finding the partition constituted a dangerous condition, the Supreme Court first noted that the ladder created a "physical deficiency" in the state's property which in turn constituted a dangerous condition. *Alexander,* 756 S.W.2d at 542. The distinction made in *Alexander* was that the term "condition" was broad enough to include a physical deficiency on the state's property as well as an inherent condition of the property. The Supreme Court expressly rejected the notion that the failure to perform an intangible act, whether it be a failure to supervise or a failure to warn, could constitute a dangerous condition

of the property for the purpose of waiving sovereign immunity. *Id.* Thus, the Tillisons' argument that the hospital's failure to warn constituted a dangerous condition is incorrect. This court and our Supreme Court have held the condition must be physical in nature.

In the instant case the only physical object which could be considered a dangerous condition is the dead tree. We now turn to whether the tree was a part "of the hospital's property." The hospital contends the words "of the hospital's property" mean the hospital must have actually owned the tree. We disagree. In *Dorlon v. City of Springfield,* 843 S.W.2d 934 (Mo.App.S.D.1992), the Southern District specifically rejected that interpretation of the statute: "The phrase in [§ 537.600.1(2) ], 'injuries caused by the condition of a public entity's property ...' clearly refers to ownership of a property interest which allows a public entity *to control the property.*" [emphasis added]. *Dorlon,* 843 S.W.2d at 938. The court then continued by noting, "... a public entity must control the property in order to take appropriate actions." *Id.*

In *James v. Farrington,* supra, the Western District likewise rejected the requirement of ownership, "Defendants assert that the term 'public entity's property' should be narrowly construed to include only that property which is *owned* by a public entity, regardless of the control it may exert over such property ... [A] definition of the term 'public entity's property' includes the exclusive control and possession [of the property]." *James,* 844 S.W.2d at 520.

■ We now join our colleagues in the Southern and Western Districts in recognizing the term "of the property" includes having exclusive control and possession of the property. The issue before this court then is whether the Tillisons' petition alleged any facts which showed the hospital had control over the property on which any part of the tree was located. We find the petition does not. The petition alleges the tree is actually located on the Boyers' property. It does not allege that the tree was hanging over or leaning over onto the hospital's property. As

a result, the hospital did not control any property of which the dead tree was a part.

Based upon the facts alleged in the petition, we find there was no dangerous condition of the hospital's property and thus the Tillisons' petition failed to allege a claim from which relief could be granted. Judgment affirmed.

CRANE, P.J., and GERALD M. SMITH, Judge, concur.