Linda FORD, Mike Ford, and Teresa Claypool, Plaintiffs–Appellants,

v.

CEDAR COUNTY, Missouri, Defendant–Respondent.

No. 27409.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 18, 2006.

Motion for Rehearing or Transfer Denied Jan. 9, 2007.

Joseph A. Cambiano, Rubins, Kase, Hager, Cambiano & Bryant P.C., Kansas City, Melanie G. Weaver, Clinton, for Appellants.

Kevin L. Austin, Keck & Austin, L.L.C., Springfield, for respondent.

PHILLIP R. GARRISON, Judge.

Linda Ford, Mike Ford, and Teresa Claypool (collectively referred to as "Plaintiffs") appeal from the trial court's grant of summary judgment in favor of Cedar County ("Defendant"). Plaintiffs claim that there remain genuine issues of material fact regarding whether Defendant is subject to suit under the dangerous condition exception to sovereign immunity. We affirm.

This case stems from a motorcycle accident resulting in the death of Emery Ford ("Decedent"). On August 10, 2001, Decedent was injured when he lost control of his motorcycle on County Road 1451 in Cedar County, Missouri, and left the roadway. There were no witnesses to the accident. Decedent later died as a result of his injuries.

Plaintiffs, as Decedent's survivors, filed a wrongful death action against Defendant,

pursuant to Section 537.080,[1] alleging that the "cause of action is an exception to sovereign immunity because the injury sustained by [Decedent] was caused by the dangerous condition of [Defendant's] property." Plaintiffs further alleged that "Decedent [ ] was traveling in the southbound direction on County Road 1451 when his motorcycle became airborne due to the slope of the approach to the bridge causing him to skid off the right side of the road and down an embankment[.]" Plaintiffs claimed that Defendant was careless and negligent "in the following respects, to wit:"

 (a) In failing to warn of the dangerous condition of the bridge;

 (b) In failing to warn of the unsafe road conditions;

 (c) In failing to warn of the bump in the approach to the bridge;

 (d) In failing to warn of the narrow bridge;

 (e) In failing to post speed limit signs within the area[.]

After filing its answer to Plaintiffs' petition, Defendant moved for summary judgment, alleging that it did not have exclusive control and possession of the portion of County Road 1451 where the accident occurred and, therefore, the sovereign immunity exception for injuries resulting from a dangerous condition on its property did not apply.

Plaintiffs filed a response to the motion which failed to admit or deny each of the factual statements of Defendant in separately numbered paragraphs. Instead, Plaintiffs stated only that Defendant's motion for summary judgment "should be denied because there are genuine issues of material fact as to Defendant's immunity from liability[.]" In a section of their re-

sponse titled "Argument," Plaintiffs set out in narrative form that "the bridge [Decedent] attempted to cross was under the exclusive control of [Defendant]." Attached to Plaintiffs' response were five exhibits, which included the deposition testimony of two of Defendant's employees.

The trial court granted Defendant's motion for summary judgment, noting that Plaintiffs' response failed to comply with Rule 74.04 in that it did not address Defendant's statement of uncontroverted facts. However, the court found that "irrespective of the technical deficiencies in [Plaintiffs'] response, the issue[s] raised by Plaintiff[s] ... [were] not dispositive[,]" because "Section 233.190[ ] provides that Commissioners of a Special Road District have the sole, exclusive and entire control and jurisdiction over all public highways, *bridges* and culverts within the district." (emphasis in original). The trial court concluded that "[b]y virtue of the existence of the Special Road District, Defendant ... did not control either the roadway or the bridge, nor have the duty to maintain, improve or warn of any conditions thereon." This appeal followed.

Plaintiffs bring three points on appeal, each alleging that the trial court erred in granting Defendant's motion for summary judgment, and in finding that Defendant did not have a duty to warn of the allegedly dangerous conditions of County Road 1451. As each point is interrelated, they will be discussed jointly.

 We give no deference to the trial court's grant of summary judgment, as the propriety of summary judgment is purely an issue of law. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). When considering appeals from summary

---

**1.** All references to statutes are to RSMo (2000) and all references to rules are to Missouri Rules of Civil Procedure (2005), unless otherwise indicated.

judgment, we review the record in the light most favorable to the party against whom the judgment was entered, "accord[ing] the non-movant the benefit of all reasonable inferences from the record." *Id.* All facts set forth by affidavit or otherwise in support of summary judgment are taken as true unless contradicted by the non-movant's response. *Id.* "Because our review is de novo, we may affirm on an entirely different basis than that used by the trial court." *Peck v. Alliance General Ins.*, 998 S.W.2d 71, 74 (Mo.App. E.D. 1999).

A movant is entitled to summary judgment if the motion for summary judgment and the response thereto "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law[.]" Rule 74.04(c)(6). A defending party may establish the right to summary judgment by showing:

> (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense. Regardless of which of these three means is employed by the "defending party," each establishes a right to judgment as a matter of law. Where the facts underlying this right to judgment are beyond dispute, summary judgment is proper.

*ITT Commercial Fin. Corp.*, 854 S.W.2d at 381 (emphasis in original). Once the movant has established the right to summary judgment, the burden then shifts to the non-movant "to show—by affidavit, deposi-

tions, answers to interrogatories, or admissions on file—that one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed." *Id.*

In its motion for summary judgment and the attachments thereto, Defendant set out facts showing that the area where the accident occurred was within the Caplinger Mill Special Road District, which "has responsibility of all roads within the district." By reason of Plaintiffs' failure to deny those statements in the manner specified in Rule 74.04(c)(2), those facts were admitted. However, for Defendant to be entitled to summary judgment, such facts must establish Defendant's right to judgment as a matter of law. *See* Rule 74.04(c)(6).

"Sovereign immunity is a judicial doctrine that precludes bringing suit against the government without its consent." *State ex rel. Div. of Motor Carrier and R.R. Safety v. Russell*, 91 S.W.3d 612, 615 (Mo. banc 2002). Section 537.600.1(2) waives sovereign immunity for "[i]njuries caused by the condition of a public entity's property[.]" To trigger this exception, a plaintiff must prove: (1) a dangerous condition of the property; (2) that the plaintiff's injuries directly resulted from the dangerous condition; (3) that the dangerous condition created a reasonably foreseeable risk of harm of the kind the plaintiff incurred; and (4) that a public employee negligently created the condition or that the public entity had actual or constructive notice of the dangerous condition. *Tillison v. Boyer*, 939 S.W.2d 471, 473 (Mo. App. E.D.1996). With respect to the first element, "the term 'of the property' includes having exclusive control and possession of the property." *Id.* "The plaintiff must establish these elements as part of its own case, because sovereign immunity is not an affirmative defense." *Maune ex*

*rel. Maune v. City of Rolla,* 203 S.W.3d 802, 804 (Mo.App. S.D.2006).

In their petition, Plaintiffs contend that the dangerous condition of County Road 1451 was the direct and proximate cause of the death of Decedent. To show a dangerous condition "of the property" attributable to Defendant, Plaintiffs are required to show that Defendant had "exclusive control and possession" of County Road 1451 where the accident occurred. *See Rell v. Burlington Northern R.R. Co.,* 976 S.W.2d 518, 521 (Mo.App. E.D.1998). In its motion for summary judgment, Defendant sets out that the Caplinger Mill Special Road District exercised responsibility for the portion of County Road 1451 where Decedent's accident occurred. A special road district is a separate public entity "capable of suing and being sued" and "of contracting and being contracted with." *See* §§ 233.025, 233.170.1, 233.320.2. A public entity cannot be subject to suit for a dangerous condition which exists on property under the control of another public entity. *See Summitt v. Roberts,* 903 S.W.2d 631, 635 (Mo.App. W.D.1995); *and Claspill v. State Div. of Economic Development,* 809 S.W.2d 87, 89 (Mo.App. W.D.1991).

We note that Plaintiffs' response to Defendant's motion for summary judgment is defective. Without identifying any disputed facts or setting out additional material facts that remain in dispute, Plaintiffs summarily set out that Defendant's "[m]otion should be denied because there are genuine issues of material fact as to Defendant's immunity from liability[.]" The remainder of Plaintiffs' response consists of a legal memorandum explaining the legal and factual reasons why summary judgment should not be granted. Rule 74.04(c)(2), provides in pertinent part:

The response shall admit or deny each of movant's factual statements in numbered paragraphs that correspond to movant's numbered paragraphs.

A denial may not rest upon the mere allegations or denials of the party's pleading. Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial.

Attached to the response shall be a copy of all discovery, exhibits or affidavits on which the response relies.

A response that does not comply with this Rule 74.04(c)(2) with respect to any numbered paragraph in movant's statement is an admission of the truth of that numbered paragraph.

The response may also set forth additional material facts that remain in dispute, which shall be presented in consecutively numbered paragraphs and supported in the manner prescribed by Rule 74.04(c)(1).

The response may include a legal memorandum explaining the legal or factual reasons why summary judgment should not be granted.

The requirements of Rule 74.04(c)(2) are mandatory. *Wehmeyer v. FAG Bearings Corp.,* 190 S.W.3d 643, 649 (Mo.App. S.D. 2006). "We treat as true any facts alleged in a properly pleaded summary judgment motion not disputed by non-movant." *Id.*

Defendant's motion for summary judgment establishes a right to judgment as a matter of law, because it negates a necessary element of Plaintiffs' claim; that Defendant had exclusive control and possession of the property where the accident occurred.[2]

---

2. In granting summary judgment in favor of

Defendant, the trial court relied on the follow-

■ In reaching our decision, we do not ignore the fact that, a portion of Plaintiffs' response titled "Argument" references affidavits and exhibits reflecting that Defendant, and not the Caplinger Mill Special Road District, exercised exclusive control over the *bridge* where the accident occurred. Plaintiffs did not assert this as a fact in dispute, as mandated by Rule 74.04, therefore, those materials will not be considered. "The incorporation by reference of a 'Memorandum of Law' does not satisfy the requirements of a properly drafted response to the motion for summary judgment." *Trotter's Corp. v. Ringleader Restaurants, Inc.*, 929 S.W.2d 935, 940 (Mo.App. E.D.1996). "A court may properly refuse to consider documents filed in opposition to a motion for summary judgment which have not been identified in a response which complies with Rule 74.04(c)(2), but are described only in a memorandum filed in opposition to the motion." *Peck*, 998 S.W.2d at 76.

Defendant's motion for summary judgment and the response thereto establish that Defendant did not have exclusive control and possession of the portion of the road where Decedent's accident occurred. This fact entitles Defendant to judgment as a matter of law because it negates a necessary element of Plaintiffs' case. Plaintiffs' points are denied.

The judgment of the trial court is affirmed.

BATES, C.J., and LYNCH, J., concur.

---

ing language from Section 233.190: "[T]he commissioners [of the special road district] *shall have sole, exclusive and entire control* and jurisdiction over all public highways, bridges and culverts ... within the district[.]" However, Section 233.190 is applicable only to those special road districts formed pursuant to Section 233.170. *See* §§ 233.170 to 233.316. Chapter 233 provides for the establishment of a special road district under three distinct scenarios. *See* §§ 233.010, 233.170, 233.320. The record in this case does not disclose which type of special road district is at issue, and therefore, we are unsure wheth-

er the statute relied on by the trial court in granting summary judgment governs in the present case. This is important, because Section 233.115, which applies to special road districts formed under Section 233.010, sets out in relevant part that, "the county commission of the county in which said special road district is located may, in its discretion, out of the funds available to it for that purpose, construct, maintain, or repair, any bridge, or bridges, or culvert or culverts in such road district[.]" For reasons stated in this opinion, however, the possibility that Section 233.115 might apply here is not controlling.