# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1042

_____

| | | |
|---|---|---|
| Zachary A. Smith, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Mark Heimer; Roger Lewis, | * | Western District of Missouri. |
| | * | |
| Appellees. | * | [UNPUBLISHED] |

_____

Submitted: April 22, 2002

Filed: May 23, 2002

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Zachary Smith appeals from the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 lawsuit against Kansas City police detectives Mark Heimer and Roger Lewis. We affirm in part and reverse in part.

Mr. Smith claimed that defendants searched his house and a locked safe therein, in violation of the United States and Missouri Constitutions.[1] The

_____

[1]We note that the Missouri Constitution's search and seizure provision is co-extensive with the Fourth Amendment, see State v. Tackett, 12 S.W.3d 332, 334

constitutionality of these searches was first considered and upheld by a state court in connection with Mr. Smith's motion to suppress evidence at his trial for murder. In reversing on another ground and remanding for a new trial, the Missouri Court of Appeals also held that the evidence would support a finding that Cynthia Frost (the mother of Mr. Smith's child) had actual or apparent authority to consent to the house search, but no evidence suggested that she consented to the search of the safe or had authority to do so. Therefore, the court determined that on remand the trial court should sustain Mr. Smith's motion to suppress evidence found in the safe. See State v. Smith, 966 S.W.2d 1, 7-9 (Mo. Ct. App. 1998). This civil rights lawsuit for damages followed.

Upon defendants' motion, the district court granted them summary judgment as to Mr. Smith's claims involving the search of the house, but it denied summary judgment as to the safe-search claims. Defendants then filed a pleading in which they argued that they were entitled to qualified immunity on the ground that the unconstitutionality of the safe search was not well-settled, as the state trial and appellate courts had disagreed on the matter. The district court found this argument persuasive, granted defendants summary judgment on the safe-search claims, and dismissed the case with prejudice.

We have reviewed de novo the parties' evidence concerning the house-search claims, see Lynn v. Deaconess Med. Ctr.-W. Campus, 160 F.3d 484, 486 (8th Cir. 1998) (standard of review), and we agree with the district court that it was reasonable for defendants to conclude Ms. Frost had authority to consent to the house search, see Illinois v. Rodriguez, 497 U.S. 177, 179, 189 (1990) (warrantless entry is valid when based on consent of third party whom police, at time of entry, reasonably believe to possess common authority over premises).

_____

(Mo. Ct. App. 2000), and does not give rise to a private cause of action for money damages, see Moody v. Hicks, 956 S.W.2d 398, 402 (Mo. Ct. App. 1997).

We cannot agree, however, that defendants were entitled to qualified immunity on the safe-search claims.  See Tlamka v. Serrell, 244 F.3d 628, 632 (8th Cir. 2001) (reviewing de novo grant of summary judgment based on qualified immunity).  First, we do not believe defendants were entitled to qualified immunity simply because the state trial court originally found Ms. Frost was authorized to consent to a search of the safe--a finding, we note, that the state appeals court deemed clearly erroneous.  Further, we believe that Mr. Smith alleged a violation of a clearly established constitutional right and that there are genuine issues of material fact as to whether reasonable officials would have known that the alleged actions indeed violated that right.  See Hunter v. Namanny, 219 F.3d 825, 829 (8th Cir. 2000) (qualified-immunity standard).  Specifically, we have found no evidence in the record that Ms. Frost purported to consent to the opening and damaging of the locked safe, see Florida v. Jimeno, 500 U.S. 248, 251-52 (1991) (scope of consent is measured by what objective, reasonable person would have understood from circumstances; "[i]t is very likely unreasonable to think that a suspect, by consenting to the search of his trunk, has agreed to the breaking open of a locked briefcase within the trunk"), or that a reasonable officer would have deemed her authorized to do so, see Rodriguez, 497 U.S. at 188 (determination of consent must be judged against objective standard: whether facts available to officer warrant man of reasonable caution to believe that consenting party had authority).

Accordingly, we reverse and remand on the safe-search claims.  In all other respects, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.