**COMMUNITY FINANCIAL CREDIT UNION, f/k/a Mid America Credit Union, Plaintiff–Respondent,**

v.

**Michael H. LIND and Mary C. Lind, Defendants–Appellants.**

**No. SD 30858.**

Missouri Court of Appeals, Southern District, Division One.

June 16, 2011.

Application for Transfer to Supreme Court Denied July 7, 2011.

Application for Transfer Denied Aug. 30, 2011.

Appellants appear pro se.

John O. Russo, Bailey & Russo, L.L.C., Mountain Home, AR, for Respondent.

GARY W. LYNCH, Judge.

Michael H. Lind and Mary C. Lind appeal the trial count's judgment against them on a credit card contract and in favor of Community Financial Credit Union ("Community"). The Linds contend that the trial court erroneously applied the law in granting Community's motion for summary judgment in the face of their demand for a jury trial. Finding no such error, we affirm.

### Factual and Procedural Background

Community filed suit against the Linds seeking money damages for breach of a credit card contract or, in the alternative, for unjust enrichment. The Linds timely requested a jury trial and filed an answer denying all allegations in the petition, other than the allegation that they are residents of Ozark County, Missouri, and raising some affirmative defenses. Community filed a motion for summary judgment, the Linds filed a timely response, and Community filed a timely reply. In their response, the Linds asserted that they "have requested a trial·by jury, without having since waived that right, and are Constitutionally [sic] guaranteed a right to trial by jury, notwithstanding Missouri Rule of Civil Procedure 74.04."

During a pre-trial conference, the trial court set Community's motion for summary judgment for hearing. The day before the hearing, the Linds filed a document entitled "Objection to Motion for Summary Judgment Hearing" wherein they objected

> to the Court granting [Community] a hearing on September 14, 2010 for [Community's] Motion for Summary Judgment ... because ... it is in viola-

tion of the Missouri Constitution's guarantee of a right to trial by jury for the [Linds] ... and ... [Community] has admitted that [the Linds] have requested a trial by jury per their Constitutional rights and have not waived their right to trial by jury in this case.

At the hearing, the trial court overruled the Linds' objection and sustained Community's motion for summary judgment. Thereafter, the trial court entered judgment in favor of Community and against the Linds in accordance with its sustention of Community's motion for summary judgment. This appeal timely followed.

## Standard of Review

Appellate review of a grant of summary judgment is *de novo*. *Kinnaman–Carson v. Westport Ins. Corp.*, 283 S.W.3d 761, 764 (Mo. banc 2009).

## Discussion

In their sole point relied on, the Linds contend that the trial court erroneously applied the law by relying upon Rule 74.04 to enter summary judgment against them in "violation of both [their] Missouri Constitutional right to a trial by jury and [their] United States Constitutional rights to due process of law and equal protection of the laws." [1] We disagree.

## Due–Process and Equal–Protection Claims were not Preserved for Appellate Review

■ The Linds failed to properly preserve their constitutional due-process and equal-protection arguments for appellate review. "The rule has long been established that to preserve constitutional questions for review on appeal, the constitutional issue must be raised in the trial court at the earliest opportunity, consistent with good pleading and orderly procedure." *Carpenter v. Countrywide Home Loans, Inc.*, 250 S.W.3d 697, 701 (Mo. banc 2008). Neither issue was raised by the Linds in the trial court, but rather both were raised for the first time in their point relied on in their brief on appeal. The trial court was denied the opportunity to identify and rule on these issues. *See id.* Thus, there is no trial court action on these issues giving rise to our appellate review.

## Application of Rule 74.04 did not Violate Constitutional Right to Jury Trial

■ The Linds argue that their right to a jury trial guaranteed by article I, section 22(a) of the Missouri Constitution and referenced by section 510.190 and Rule 69.01 prevented the trial court from entering a summary judgment under Rule 74.04 even if all the requirements of that rule had been satisfied.[2] This argument has no merit because it fails to account for the function of a jury in a jury trial and how Rule 74.04 respects that function.

In an early case before our Supreme Court involving a constitutional challenge to a bank charter that gave "a remedy in a summary way on motion," the Court noted that "the right to have *disputed* facts tried by such a jury, and in such a manner, is to remain inviolate." *Bank of Missouri v. Anderson*, 1 Mo. 244, 245 (1822) (emphasis

---

1. All rule references are to Missouri Court Rules (2011).

2. All statutory references are to RSMo 2000, unless otherwise indicated.

Article I, section 22(a) of the Missouri Constitution provides, in pertinent part, "[t]hat the right of trial by jury as heretofore enjoyed shall remain inviolate."

Section 510.190.1 provides, in pertinent part, that "[t]he right of trial by jury as declared by the constitution or as given by a statute shall be preserved to the parties inviolate."

Rule 69.01(a) provides, in pertinent part, that "[t]he right of trial by jury as declared by the Constitution or as given by a statute shall be preserved to the parties inviolate."

added). Thus, from early statehood, it has been recognized that the jury's function is to decide disputed facts. That function has not changed. *See, e.g., Klotz v. St. Anthony's Med. Ctr.*, 311 S.W.3d 752, 777 (Mo. banc 2010), *modified* May 25, 2010 (Wolf, J., concurring); *Eagle Star Group, Inc. v. Marcus*, 334 S.W.3d 548, 556 (Mo. App.2010). Accordingly, in a contract action such as this, if just one material fact is in dispute then, according to article I, section 22(a) of our Constitution, the right to have that fact decided by a jury remains inviolate. On the other hand, if none of the material facts are in dispute, then there is nothing for a jury to decide and, thus, nothing giving rise to a corresponding right to a jury trial. The identification of those actions within this latter category is the function of Rule 74.04.

"Article V, [s]ection 5 of the 1945 Constitution permits [the Supreme] Court [of Missouri] to adopt rules governing the 'practice, procedure and pleading' in our courts so long as they did not 'change substantive rights, or the law relating to ... the right of trial by jury.'" *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 377 (Mo. banc 1993). In 1959, pursuant to this authority, the Supreme Court of Missouri adopted Rule 74.04 to permit summary judgments. *Id.* Rule 74.04(c)(6) provides, in pertinent part, that "[i]f the motion [for summary judgment], the response, the reply and the sur-reply show that there is no *genuine issue as to any material fact* and that the moving party is entitled to judgment as a matter of law, the court shall enter summary judgment forthwith." (Emphasis added). Thus our Supreme Court has said, "The burden on a summary judgment movant is to show a right to judgment flowing from facts about which there is no genuine dispute. Summary judgment tests simply for the existence, not the extent, of these genuine disputes." *ITT Commercial Fin. Corp.*

854 S.W.2d at 378. When this test demonstrates that there are no genuine disputed facts, then the application of Rule 74.04 to grant judgment based upon those undisputed facts cannot violate the constitutional right to have disputed facts decided by a jury in a jury trial.

Here, the trial court found that, based upon the summary judgment record before it, there was no genuine issue as to any material fact. The Linds do not challenge that finding on appeal. In that context, there are no disputed facts for a jury to decide; consequently, the entry of judgment on the undisputed facts in accordance with Rule 74.04 did not and could not have violated the Linds' right to a jury trial as guaranteed by article 1, section 22(a) of the Missouri Constitution. The Linds' point is denied.

### Decision

The trial court's judgment is affirmed.

BARNEY, P.J., and BURRELL, J., concur.