

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| COLLINS-CAMDEN PARTNERSHIP, L.P., | ) ) ) | No. ED100357 |
| Plaintiff/Appellant, | ) ) | Appeal from the Circuit Court of |
| v. | ) ) | Jefferson County |
| COUNTY OF JEFFERSON, MISSOURI, and JEFFERSON COUNTY COUNCIL MEMBERS DON BICKOWSKI, RENEE REUTER, BOB BOYER, CHARLES GROETEKE, TERRI S. KREITLER, CLIFF LANE and KELLY WAYMON, | ) ) ) ) ) ) ) ) | Hon. David B. Tobben |
| Defendants/Respondents. | ) ) | Filed: March 25, 2014 |

### Introduction

Collins-Camden Partnership, L.P. (Appellant) appeals from the trial court's Order and Judgment granting the Motion to Dismiss of the County of Jefferson, Missouri, and Jefferson County Council Members Don Bickowski, Renee Reuter, Bob Boyer, Charles Groeteke, Terri S. Kreitler, Cliff Lane and Kelly Waymon (collectively Respondents). We affirm.

### Factual and Procedural Background

The pleadings of Appellant's petition, filed on February 22, 2012, set forth the following alleged facts. On April 2, 2008, Jefferson County, a Charter County of the First Class and a political subdivision of the State of Missouri, adopted a Unified

Development Order (UDO). The UDO establishes procedures for zoning and rezoning within Jefferson County. Appellant owns a tract of land (the property) located in Jefferson County. In 2011, Appellant sought to have the property rezoned. Appellant alleged it met all of the requirements regarding content and submission set forth in Section 400.1140 and consideration set forth in Section 400.1140(D) of the UDO to have the property rezoned. On October 13, 2011, the Jefferson County Planning and Zoning Commission (Planning Commission), established by Jefferson County pursuant to Section 64.010,[1] approved Appellant's request to have the property rezoned. On November 14, 2011, a public hearing was held before the Planning Commission and County Council on Appellant's request for rezoning of the property as required under Section 400.1140 of the UDO. Witnesses were called for their testimony on the matter and evidence was adduced at this hearing. The hearing was concluded that same day, with the Planning Commission in support of the request. On January 23, 2012, a majority of the members of the County Council voted to overrule the Planning Commission's decision and denied Appellant's request for rezoning of the property.

Appellant asserted in its petition that the vote to deny was the direct result of Respondent County Council member Renee Reuter's introduction of new evidence about the property after the public hearing was concluded, despite the admonition of the County Counselor and without the opportunity provided to Appellant for rebuttal. Appellant also asserts Reuter did not file a protest petition challenging the rezoning of the property as set forth in Section 400.1140(C) of the UDO.

Appellant claims it had a sales contract pending on the property pending its rezoning that was rescinded as a direct result of the actions of the County Council

_____

[1] All statutory references are to RSMo 2006, unless otherwise indicated.

majority, causing it to suffer damages in excess of $25,000. In Count I of the petition, Appellant alleges a "Procedural Violation" of the UDO, asserting that the majority of the County Council's rejection of the Planning Commission's recommendation for rezoning of the property violated the procedural requirements set forth in the UDO. In Count II of the petition, Appellant alleges a "Substantive Violation" of the UDO, declaring that Appellant's rezoning request met all of the requirements of the UDO; the Planning Commission received all of the evidence presented at the October 13, 2011 hearing upon which the Planning Commission voted to approve the rezoning of the property, and no additional evidence was presented to the Planning Commission after it rendered its decision recommending rezoning. As such, avers Appellant, the actions and decision of the County Council majority were arbitrary, capricious, unreasonable and malicious.

On April 13, 2012, Respondents filed a Motion to Dismiss the petition for failure to state a claim pursuant to Rule 55.27(a)(6)[2] and a Motion for Protective Order. In the motion, Respondents contend tort liability cannot be imposed for alleged procedural and substantive violations of the UDO, and even if it could, Respondents are immune from tort liability as a result of sovereign immunity pursuant to Section 537.600.1 and .2. Section 537.600, titled "Sovereign immunity in effect - exceptions," provides:

> 1. Such sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent waived, abrogated or modified by statutes in effect prior to that date, shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:
> (1) Injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles…;
> (2) Injuries caused by the condition of a public entity's property….
> 2. The express waiver of sovereign immunity in the instances specified in subdivisions (1) and (2) of subsection 1 of this section are

---

[2] All rule references are to Mo. R. Civ. P. 2012, unless otherwise indicated.

absolute waivers of sovereign immunity in all cases within such situations whether or not the public entity was functioning in a governmental or proprietary capacity and whether or not the public entity is covered by a liability insurance for tort.

Appellant filed a response to the Motion to Dismiss, to which Respondents filed a reply.

After consideration of the petition, motion, response and reply, the trial court agreed with Respondents that Appellant's claims sounded in tort for which recovery was barred due to Respondents' sovereign immunity, granted Respondents' motion to dismiss, deemed the motion for protective order moot in light of its dismissal, and entered a judgment dismissing Appellant's petition with prejudice. This appeal follows.

In its appeal, Appellant maintains the trial court erred in dismissing its petition because it sufficiently pled the facts necessary to establish that Respondents deprived it of a fair hearing thereby violating its due process rights, and sovereign immunity does not apply because this is not a tort action.

### Standard of Review

We review a trial court's grant of a motion to dismiss *de novo*. Richardson v. City of St. Louis, 293 S.W.3d 133, 136 (Mo.App. E.D. 2009). When reviewing a motion to dismiss, we must determine if the facts pleaded and the inferences reasonably drawn therefrom state any ground for relief. Tillison v. Boyer, 939 S.W.2d 471, 472 (Mo.App. E.D. 1996). We treat the facts averred as true and construe all averments liberally and favorably to the plaintiff. Id. We will reverse the trial court's dismissal of a pleading for failure to state a claim upon which relief can be granted if, after viewing the averments of the petition in their broadest intendment, we determine they invoke principles of substantive law which may entitle the plaintiff to relief. Id.

4

<u>Discussion</u>

Appellant raises its due process claim for the first time on appeal. "The rule has long been established that to preserve constitutional questions for review on appeal, the constitutional issue must be raised in the trial court at the earliest opportunity, consistent with good pleading and orderly procedure." <u>Carpenter v. Countrywide Home Loans, Inc.</u>, 250 S.W.3d 697, 701 (Mo.banc 2008). Otherwise it is waived. <u>Willits v. Peabody Coal Co.</u>, LLC, 400 S.W.3d 442, 449 (Mo.App. E.D. 2013). Appellant did not raise the issue of due process in the trial court. Because the trial court was denied the opportunity to consider and rule on this issue, there is no trial court action on this issue giving rise to our appellate review. <u>Community Financial Credit Union v. Lind</u>, 344 S.W.3d 875, 877 (Mo.App. S.D. 2011). The Court of Appeals "will not convict the trial court of error not brought to its attention." <u>Sextro v. Burkey</u>, 950 S.W.2d 523, 525 (Mo.App. E.D. 1997).

Appellant argues the petition's averment that Respondents procedurally violated a *county* ordinance to Appellant's financial detriment "invokes principles of substantive law which may entitle Appellant to relief" under a violation of due process theory. Even if we construed the allegations in Appellant's petition liberally, giving them their broadest intendment, to assert a *constitutional* due process violation under our State constitution, such an assertion still would fail to state a claim. No Missouri precedent exists permitting suits for monetary damages by private individuals resulting from violations of the Missouri Constitution. <u>Moody v. Hicks</u>, 956 S.W.2d 398, 402 (Mo.App. E.D. 1997).

Although Appellant can seek review of the County Council's denial of its application for rezoning via a petition for writ of certiorari in the circuit court pursuant to

Section 64.120,[3] it does not plead for reversal or modification of the County Council's decision with regard to its application for the rezoning of its property. Rather, Appellant's petition indicates it is suing the County Council members directly, alleging individual conduct Appellant considers inappropriate in arriving at their discretionary decision to reject its rezoning request, and seeking specific money damages Appellant incurred for a third-party land sale deal that fell through as a result of the decision not to rezone Appellant's property. Appellant's cause of action, as pled, alleges the elements of a tort, to-wit: duty, breach, causation, damages. Respondent County, under the rule of sovereign immunity, and Respondent County Council members, under official immunity, are immune from suit for torts when acting in a discretionary capacity. Section 537.600. Liability exists only in limited circumstances, none of which were alleged here. Id.

Although Appellant generally pleads the County Council majority's decision was rendered with malice, it asserts no facts in support of such claim. Also, Appellant does not plead any specific facts demonstrating that any member of the County Council, including Renee Reuter, failed to perform a statutory or departmentally-mandated duty or performed a discretionary duty with bad faith or malice. As such, Appellant's pleadings against Respondents are barred by sovereign and official immunity. State ex rel.

---

[3] Section 64.120.3 provides for appeal from a county commission decision with regard to planning and zoning in first-class charter counties in Missouri:

> Any person or persons jointly or severally aggrieved by any decision of the board of adjustment or of the county commission, or of any officer, department, board, or bureau of the county, may present to the circuit court having jurisdiction in the county in which the property affected is located, a petition, duly verified, stating that such decision is illegal in whole or in part, specifying the grounds of the illegality and asking for relief therefrom. Upon the presentation of such petition the court may allow a writ of certiorari directed to the board for review of the data and records acted upon or it may appoint a referee to take additional evidence in the case. The court may reverse or affirm or may modify the decision brought up for review.

Twiehaus v. Adolf, 706 S.W.2d 443, 446 (Mo.banc 1986); Boever v. Special Sch. Dist. of St. Louis County, 296 S.W.3d 487, 492 (Mo.App. E.D. 2009).

Based on the foregoing, Appellant's petition fails to state a claim and was properly dismissed. Appellant's appeal is denied.

Conclusion

The judgment of the trial court is affirmed.

_____
Sherri B. Sullivan, Judge

Lawrence E. Mooney, P.J., and
Robert G. Dowd, Jr., J., concur.

7