Kody MAUNE, by and through his next friend, Ayn Maune, Appellant,

v.

CITY OF ROLLA, Missouri, Respondent.

No. 27287.

Missouri Court of Appeals, Southern District, Division One.

Oct. 25, 2006.

---

1. All statutory references are to RSMo. (2000) unless otherwise indicated.

Shelley L. Woodward, Woodward Law Firm, L.L.C., Cuba, for appellant.

Lawrence B. Grebel and Brett A. Williams, Brown & James, P.C., St. Louis, for respondent.

DANIEL E. SCOTT, Judge.

We affirm the trial court's grant of summary judgment in favor of the City of Rolla based on sovereign immunity under section 537.600.[1]

On a sunny day in August 2002, ten-year-old Kody Maune was riding his bike with friends along a path in Rolla's Green Acres Park. He turned his head to glance back at his friend and ran into a yellow barrier partially blocking the right side of a bridge. The City had erected the barrier to keep automobiles off the bridge, which was 117 inches wide. The barrier was 47 inches wide, extending from the right edge of the bridge toward, but not to, the center.

Plaintiff[2] sued the City to recover for his injuries. The City eventually moved for summary judgment based on sovereign immunity under section 537.600.1. The trial court granted the motion after a hearing, ruling that the City did not waive sovereign immunity "in that the property at issue was not in a dangerous condition." Plaintiff appeals.

---

1. Unless otherwise indicated, all statutory references are to Missouri Revised Statutes (2000), and all references to rules are to Missouri Rules of Court (2006).

2. Kody Maune, by and through his next friend, Ayn Maune.

Our review essentially is *de novo,* using the same criteria that trial courts should employ to determine summary judgment motions initially. We view the record in the light most favorable to the Plaintiff, without deferring to the trial court, since the propriety of summary judgment is purely an issue of law. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993).

■ One way that a defendant can prove a right to summary judgment is by showing that, after an adequate period of discovery, the plaintiff is and will remain unable to produce evidence sufficient to establish any one of the plaintiff's required elements. Upon such showing, the plaintiff may not rest upon the mere allegations of his pleading, but must respond by affidavit or otherwise to set forth specific facts showing that there is a genuine issue for trial. Unless the plaintiff can do so by affidavit, depositions, interrogatory answers, or admissions on file, summary judgment is proper. *ITT Commercial Finance* at 381.

The City and other public entities enjoy sovereign immunity as it existed at common law in Missouri prior to September 12, 1977, except to the extent waived, abrogated or modified by statute. RSMo § 537.600.1; *Martin v. City of Washington,* 848 S.W.2d 487, 490 (Mo. banc 1993). Section 537.600.1(2) waives this immunity for injuries caused by dangerous conditions on the public entity's property if the plaintiff establishes:

1. The property was in a dangerous condition at the time of injury;

2. The injury directly resulted from the dangerous condition;

3. The dangerous condition created a reasonably foreseeable risk of harm of the kind of injury that was incurred; and

4. A public employee negligently or wrongly created the condition within the course of employment, or that the public entity had actual or constructive notice of the dangerous condition in time to have acted.

*See also Martin* at 490–91. The plaintiff must establish these elements as part of its own case, because sovereign immunity is not an affirmative defense. *Burke v. City of St. Louis,* 349 S.W.2d 930, 931 (Mo.1961); *Talley v. Missouri Highway and Transp. Comm'n,* 659 S.W.2d 290, 291 (Mo.App.1983); *Best v. Schoemehl,* 652 S.W.2d 740, 743 (Mo.App.1983).[3]

■ Plaintiff misapprehends this burden of proof in Point I of this appeal, which asserts the City failed in its "burden to address all viable theories raised in [Plaintiff's] pleadings, in that [the City] failed to address all such theories." It was Plaintiff's burden to establish a sovereign immunity waiver as part and parcel of any pleaded theory against the City. *Krohn, supra.* Plaintiff could not rest on the mere allegations of his pleadings when faced with the City's summary judgment motion. Rule 74.04(c)(2). Point I is denied.

Plaintiff's Point II is unclear, but seems to claim the trial court could not consider part of Kody Maune's deposition testimony because he was a minor. Our review of the record fails to show that the trial court

---

**3.** Although the Western District treated sovereign immunity as an affirmative defense in *Greene County v. State,* 926 S.W.2d 701 (Mo. App.1996), it questioned that conclusion, and proposed instead that a plaintiff must plead and prove a sovereign immunity waiver as part of its case, in *Brennan v. Curators of the University of Missouri,* 942 S.W.2d 432, 436 (Mo.App.1997) and *State ex rel. Public Housing Agency v. Krohn,* 98 S.W.3d 911, 914–15 (Mo.App.2003).

considered the challenged testimony at all, or that Plaintiff raised any objection before the trial court. Moreover, Plaintiff himself cited both the trial court and this court to the same deposition. Point II warrants no further discussion and is denied.

Plaintiff's final point alleges the trial court could not properly determine as a matter of law that there was no dangerous condition given (1) the barrier's position and (2) the failure to warn of it.

■ We must strictly construe the statutory provisions that waive a public entity's sovereign immunity. *O'Dell v. Department of Corrections,* 21 S.W.3d 54, 57 (Mo.App.2000). A "dangerous condition" under Section 537.600 requires a defect in the physical condition of public property. For property to be dangerous, there must be some defect, physical in nature, in the sovereign's property. *State ex rel. Div. of Motor Carrier and R.R. Safety v. Russell,* 91 S.W.3d 612, 616 (Mo. banc 2002); *Sisk v. Union Pacific R.R.,* 138 S.W.3d 799, 808 (Mo.App.2004); *Tillison v. Boyer,* 939 S.W.2d 471, 473 (Mo.App.1996). These cases also confirm that failure to perform an intangible act, "whether it be failure to supervise or *warn*" cannot constitute a dangerous condition of the property for purposes of waiving sovereign immunity. *Russell, supra; Sisk* at 809; *Tillison, supra* (emphasis added).

■ A landowner is not an insurer of the well-being of invitees, and generally is not required as a matter of law to protect invitees against open and obvious conditions. The landowner is entitled to expect that invitees will exercise ordinary perception, intelligence, and judgment to discover open and obvious conditions, appreciate the risk they present, and take the minimal steps necessary to protect themselves. In other words, the landowner may reasonably rely on invitees to see and appreci-

ate risks presented by open and obvious conditions, and may reasonably rely on an invitee's normal sensibilities to protect against same. *See, e.g., Crow v. Kansas City Power & Light Co.,* 174 S.W.3d 523, 534 (Mo.App.2005), *citing Harris v. Niehaus,* 857 S.W.2d 222, 226 (Mo. banc 1993).

■ The City's motion included an affidavit from its parks and recreation director identifying and attaching two photos of the barrier. The affidavit noted the barrier was not physically defective nor otherwise damaged at the time of the accident, but was in proper working condition, painted yellow, and extended just 47 inches across a 117–inch bridge entrance. Plaintiff submitted no affidavit, expert testimony or other evidence on these matters nor otherwise in support of Plaintiff's claims. Thus, the uncontradicted evidence indicated the conditions at the bridge entrance were neither defective nor damaged; the partial barrier was open and obvious; and sixty percent of the entrance was open to free passage. Under the foregoing cases and others, there was no "dangerous condition" nor duty to warn for Section 537.600 purposes, at least not *prima facie.* Plaintiff could not rest upon the mere allegations of his petition, but by affidavit or otherwise was required to set forth specific facts showing a genuine issue for trial. *ITT Commercial Finance* at 381; Rule 74.04(c)(2). Plaintiff failed to do so.

Plaintiff cites *Kraus v. Hy–Vee, Inc.,* 147 S.W.3d 907 (Mo.App.2004) as indicating the "dangerous condition" standard is an evolving one that, according to Plaintiff, now includes lack of warning signs. Plaintiff reads *Kraus,* an auto accident wrongful death case, too broadly. *Kraus* properly notes that the government may be liable for failing to properly place or maintain road and highway traffic control devices

and signs, which are an intregal part of roadway safety and traffic flow design, which of necessity is a continuing process. *Id.* at 915–16. *Kraus* and the cases cited therein involve road and highway design and attendant motor vehicle considerations. We have neither found nor been cited to comparable holdings in other contexts. We see considerable difference between the *Kraus* situation and this case, and we will not extend *Kraus's* limited holding to these facts.

Judgment affirmed.

PARRISH, J., RAHMEYER, P.J., Concur.