In the Matter of the Care and
Treatment of Charles
O'HARA.

Charles O'Hara, Appellant,

v.

State of Missouri, Respondent.

No. SD 30135.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 25, 2011.

Emmett D. Queener, Columbia, for Appellant.

Chris Koster, Atty. Gen., Jayne T. Woods, Asst. Atty. Gen., Jefferson City, for Respondent.

DANIEL E. SCOTT, Chief Judge.

Charles O'Hara challenges the sufficiency of the evidence to support his commitment under the sexually violent predator ("SVP") law.[1]  We affirm.

The State's two-pronged burden at trial was to show that O'Hara (1) has a congenital or acquired condition affecting his emotional or volitional capacity that predisposes him to commit sexually violent offenses to a degree that causes him serious difficulty controlling his behavior; and (2) is more likely than not to engage in predatory acts of sexual violence if not

1.  *See*  RSMo §§ 632.480–.513 as amended  through 2008.

confined. *Martineau v. State,* 242 S.W.3d 456, 458 (Mo.App.2007).

■ O'Hara's sufficiency challenge involves only prong 2's likelihood of re-offense. Thus, our review is limited to determining whether the evidence was sufficient to convince twelve reasonable jurors that O'Hara was likely to re-offend unless confined. *Id.* We will reverse only if there is a complete absence of probative fact in support of the jury's conclusion. *Id.* We view the evidence most favorably to the jury verdict and disregard all contrary evidence and inferences. *Id.*

Dr. Kent Franks testified at trial, without objection, that O'Hara fits the SVP criteria, is more likely than not to commit a predatory act of sexual violence if not confined to a secure facility, and is more likely than not to commit sexual offenses in the future without treatment and supervision. Dr. Franks also explained the test results and other bases supporting his expert conclusions. This alone precludes us from finding a complete absence of probative fact to support the verdict, or that twelve reasonable jurors could not find from the evidence that O'Hara was likely to re-offend.[2] *Id.* at 459.

■ O'Hara's argument that Dr. Frank's prong 2 testimony "was pure speculation and insufficient to support the jurors' verdict," misses the distinction between *admissibility* of expert testimony and *submissibility* of a case based thereon. If a question exists as to whether proffered expert testimony is supported by a sufficient factual or scientific foundation, the question is one of *admissibility,* which must be raised by a timely objection or motion to strike. Once an expert opinion has been admitted, as any other evidence,

it may be relied upon for purposes of determining the *submissibility* of the case. *Washington by Washington v. Barnes Hospital,* 897 S.W.2d 611, 616 (Mo. banc 1995); *Lee v. Hiler,* 141 S.W.3d 517, 524 (Mo.App.2004).

O'Hara cannot "back-door" an issue relating to the admissibility of expert testimony under the guise of a sufficiency of the evidence argument. *Lacy v. Federal Mogul,* 278 S.W.3d 691, 700 (Mo.App.2009). Dr. Frank's opinions were admitted without objection,[3] so it was for the jury to determine their weight. We deny O'Hara's sole point and affirm the judgment.

RAHMEYER, P.J., and FRANCIS, J., concur.

---

**2.** Thus, we decline to relate other evidence of O'Hara's sexual deviance.

**3.** We do not imply, by this reference, that there was any valid basis for objection.