

# Missouri Court of Appeals

## Southern District

### Division One

ST. JOHN'S CLINIC, INC.,                  )
                                          )
                Appellant,       )
                                          )
  vs.                                   )  No. SD32739
                                          )
PULASKI COUNTY AMBULANCE DISTRICT,        )  FILED: January 28, 2014
                                          )
                Respondent.      )

APPEAL FROM THE CIRCUIT COURT OF TEXAS COUNTY

Honorable David G. Warren, Judge

## AFFIRMED

We consider a narrow question.  Did respondent District waive its sovereign immunity by submitting to the trial court's jurisdiction and litigating for 22 months before seeking summary judgment?[1]  The trial court found no such waiver.  We agree and affirm the summary judgment entered in favor of District based on sovereign immunity.

---

[1] We refer to the parties as did the petition below, plaintiff/appellant as "St. John's" and defendant/respondent as "District."  Public entities enjoy sovereign immunity except as waived, abrogated, or modified by statute.  *Maune v. City of Rolla*, 203 S.W.3d 802, 804 (Mo.App. 2006).  It is admitted that District is a public entity and a political subdivision of the state.

## Background

St. John's settled a wrongful death case, then sued District for contribution, alleging in part that "District had liability insurance in place that provides coverage for the loss complained of herein, and thus, the District has waived any sovereign immunity defense under § 537.610, RSMo."[2]

District moved, without success, to dismiss on grounds unrelated to sovereign immunity. In answering the petition, District admitted that it carried liability insurance but denied the other allegations quoted above.

District sought summary judgment 22 months into the case, claiming that its liability policy worked no waiver of sovereign immunity. The trial court agreed. St. John's does not challenge this finding on appeal.[3]

Yet St. John's still urges, as it did below, that District waived its sovereign immunity by voluntarily appearing, submitting to trial court jurisdiction, failing "to raise the defense of sovereign immunity or lack of personal jurisdiction" under Rule 55.27, and participating in litigation activities. Like the trial court, we find no merit in these assertions.

---

[2] Under the cited statute, District could purchase liability insurance for tort claims and, thereby, waive sovereign immunity "only to the maximum amount of and only for the purposes covered by such policy of insurance …."

[3] "A public entity does not waive its sovereign immunity by maintaining an insurance policy where that policy includes a provision stating that the policy is not meant to constitute a waiver of sovereign immunity." ***Langley v. Curators of Univ. of Mo.***, 73 S.W.3d 808, 811 (Mo.App. 2002). *See also* ***State ex rel. Bd of Trustees v. Russell***, 843 S.W.2d 353, 360 (Mo. banc 1992); ***Brooks v. City of Sugar Creek***, 340 S.W.3d 201, 208 (Mo.App. 2011). District's policy was of this type.

## Legal Principles

Our review of a grant of summary judgment is essentially *de novo*. **Maune**, 203 S.W.3d at 804. "One way that a defendant can prove a right to summary judgment is by showing that, after an adequate period of discovery, the plaintiff is and will remain unable to produce evidence sufficient to establish any one of the plaintiff's required elements." **Id.** (citing **ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp**., 854 S.W.2d 371, 381 (Mo. banc 1993)).

## Sovereign Immunity Not "Jurisdictional"

St. John's argues that sovereign immunity is a matter of personal jurisdiction. Objections to the latter are waived unless raised under Rule 55.27 or by responsive pleading. **In re Marriage of Berry**, 155 S.W.3d 838, 841 (Mo.App. 2005). Because District never objected to personal jurisdiction, but appeared generally and defended the case for months, St. John's contends that District waived its sovereign immunity. Modern precedent is to the contrary.

"Prior to *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo.2009), the limitation on a court's legal ability to act as conferred by statute or rule was often referred to as a lack of jurisdiction." **Belfield v. State**, 307 S.W.3d 680, 682 n.3 (Mo.App. 2010). This observation fits decades-old cases cited by St. John's,[4] but we are now guided and bound by new post-***J.C.W.*** jurisprudence.

Our supreme court's stated task in ***J.C.W.*** was "to bring down to earth and clarify the meaning of the magical word 'jurisdiction.'" 275 S.W.3d at 251. "The

---

[4] Primarily **State ex rel. Eagleton v. Hall**, 389 S.W.2d 798 (Mo. banc 1965), and **Kleban v. Morris**, 247 S.W.2d 832 (Mo. 1952). Notably, no waiver of sovereign immunity was found in either of these cases.

problem with a word with such magic is, sadly, that it will be over used, as it is in cases such as the present case." *Id.* at 252. Personal jurisdiction, in modern terms, refers simply to a court's power "to require a person to respond to a legal proceeding that may affect the person's rights or interests." *Id*. at 252-53. A circuit court able to render a judgment that binds the parties "has personal jurisdiction." *Id*. at 254.

St. John's theory of personal jurisdiction thus runs afoul of *J.C.W.* – our supreme court's latest controlling precedent – and its progeny. Simply put, St. John's errs in portraying sovereign immunity as jurisdictional.

**Sovereign Immunity Not a "Defense"**
**Subject to Rule 55.27 Waiver**

"Sovereign immunity is not an affirmative defense but is part of the plaintiff's *prima facie* case." *Shifflette v. Missouri Dept. of Nat. Resources*, 308 S.W.3d 331, 334 (Mo.App. 2010). This is well settled. *Maune*, 203 S.W.3d at 804.[5] St. John's burden as plaintiff was "to establish a sovereign immunity waiver as part and parcel of any pleaded theory against [District]." *Id*. The trial court properly entered summary judgment because St. John's could not prove this element of its *prima facie* case.

---

[5] *See also* *Richardson v. City of St. Louis*, 293 S.W.3d 133, 137 (Mo.App. 2009) ("Missouri courts have routinely held that sovereign immunity is not an affirmative defense"); *Townsend v. Eastern Chemical Waste Systems*, 234 S.W.3d 452, 470 (Mo.App. 2007) ("it is well settled in Missouri that sovereign immunity is not an affirmative defense"). Not surprisingly, sovereign immunity is not among 23 affirmative defenses listed in Rule 55.08, as St. John's concedes. Rule 55.27, which St. John's repeatedly cites, addresses the requirement to timely assert *defenses* (or objections) by pleading or motion.

### Sovereign Immunity Not Waived by
### Discovery or Case Participation

Finally, we reject St. John's claim that District waived sovereign immunity by engaging in discovery and other litigation activity. To quote the trial court:

> The Supreme Court of Missouri has unambiguously stated that "a 'defending party' may establish a right to judgment by showing . . . that the non-movant, *after an adequate period of discovery*, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements . . . ." *ITT Comm Fin. Corp.*, 854 S.W.2d at 381 (emphasis added in part, original in part). The Court will not hold [District]'s participation in this case against it.

St. John's cites no cases that would compel a different result.[6]

### Conclusion

St. John's sole point fails. Summary judgment was proper because St. John's did not show that it could offer proof that District waived its sovereign immunity, a required element of St. John's *prima facie* case. Judgment affirmed.

DANIEL E. SCOTT, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. – DISSENTS IN SEPARATE OPINION

WILLIAM W. FRANCIS, JR., C. J. – CONCURS

---

[6] St. John's also proffers a theory of waiver/estoppel based on District's allegedly inaccurate or incomplete discovery response as to its insurance coverage. We do not find this claim persuasive in light of established law and St. John's inability to cite a supporting case. In any event, this argument lies outside of St. John's stated point on appeal and fails on that basis alone. *See* ***J.L.M. v. R.L.C., Jr.***, 132 S.W.3d 279, 290 n.8 (Mo.App. 2004).



# Missouri Court of Appeals

## Southern District

### Division One

ST. JOHN'S CLINIC, INC., )
)
        Appellant, )
)
    vs. ) No. SD32739
)
PULASKI COUNTY AMBULANCE DISTRICT, ) FILED: January 28, 2014
)
        Respondent. )

APPEAL FROM THE CIRCUIT COURT OF TEXAS COUNTY

Honorable David G. Warren, Judge

DISSENT

I respectfully dissent. The majority opinion finds that the District cannot procedurally

waive its sovereign immunity because it is not "personal jurisdiction" as discussed in *J.C.W. ex*

*rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009). As this is a case of first impression,[1]

the facts of this case demonstrate why Rule 55.27(g)(1)(A)[2] should apply with the result that the

District waived any defense it had based on lack of personal jurisdiction and sovereign

---

[1] I say first impression because, as the majority points out, sovereign immunity has been called an element of plaintiff's case in chief, but it has also been called "personal jurisdiction," which at least implies that it is a defense.

[2] All rule references are to Missouri Court Rules (2013). All references to statutes are to RSMo 2000, unless otherwise indicated.

immunity. As noted in the majority opinion, the District could purchase liability insurance for tort claims and waive sovereign immunity pursuant to section 537.610. In this case, during discovery, St. John's requested information concerning the District's purchase of liability insurance. The District produced an insurance policy declarations page which indicated that it had purchased a liability policy that did not include a provision stating the policy is not meant to constitute a waiver of sovereign immunity. At no time during the nearly two years of litigation and the filing of answers and motions to dismiss, did the District ever indicate it had provided the wrong declarations page and that St. John's had been misled, up until the time the summary judgment motion was filed.

While there is no evidence of any intent to deceive, or an explanation for the production of the inaccurate declarations page, the District argues that even if the case had been tried to its conclusion, the judgment could be attacked as void. The District contends that it could produce the policy at any time because while it is not subject matter jurisdiction or personal jurisdiction per *J.C.W.*, it is its own unique type of jurisdiction. I believe that does not comport with the holding of *J.C.W.*, and that sovereign immunity is included in personal jurisdiction. The rationale behind personal jurisdiction is that the court may not require a person to respond to a legal proceeding without personal jurisdiction unless the person consents to the court's jurisdiction and consent may come about in many ways. Most importantly to this case, the person may consent to the jurisdiction of the court and the consent may come about procedurally, as well as substantively. Rule 55.27 provides some of those methods. Whether the District purchased a liability policy and the terms of the policy were exclusively within the District's knowledge, just as the knowledge whether the proper person had been served under Rule 55.27(g)(1)(B) and (C), is within the exclusive knowledge of the defendant. It seems to be that

2

the better-reasoned policy is that sovereign immunity is a defense and must be raised as a defense at the earliest opportunity.

I would reverse the trial court because the District waived any claim it had to sovereign immunity, and allow the case to proceed.

Nancy Steffen Rahmeyer, P.J. - Dissenting Opinion Author