The portion of § 632.489.4 that Bradley relies on to support his claim that Dr. Weitl, as the author of his end-of-confinement report, should not have been allowed to testify as the State's expert reads as follows: "The court shall direct the director of the department of mental health to have the person examined by a psychiatrist or psychologist as defined in section 632.005 who was not a member of the multidisciplinary team that previously reviewed the person's records. " (Emphasis added.) Bradley reads the italicized portion as providing two alternative kinds of people, neither of whom may conduct the court-ordered examination-members of the MDT and anyone who has previously reviewed the person's records.
There are two flaws in Bradley's claim here. First, Dr. Weitl was not the psychologist appointed by the Department of Mental Health to examine Bradley pursuant to a court order.[7] Rather, she was a privately retained expert witness of the *453 State's selection.[8] Thus, the language upon which Bradley relies is inapplicable, even if it would have the effect he claims, which brings us to the second flaw in his argument-the italicized portion does not contemplate two separate categories of individuals. The italicized portion refers solely to a single class of people-members of the MDT who reviewed the person's records. A person is not precluded from serving as an expert if that person, like Dr. Weitl, was never a member of the MDT.
"By what is known as the last antecedent rule, a 'limit[ing] or restrictive clause contained in [a] statute is generally construed to refer to and limit and restrict an immediately preceding clause or antecedent.' " Gasconade Cty. Counseling Servs., Inc. v. Mo. Dep't of Health , 314 S.W.3d 368, 374 n.5 (Mo. App. E.D. 2010) (quoting 2A Sutherland Statutory Construction § 47:26 (7th ed.) ). Here, the clause, "that previously reviewed the person's records," is a restrictive clause, modifying only the previously stated noun, "member of the multidisciplinary team." Contrary to Bradley's suggestion, it does not create a second group of people precluded from appointment as a reviewing psychologist by the Department of Mental Health.
In short, because Dr. Weitl was not the psychologist appointed by the Department of Mental Health pursuant to a court order, nor was she a member of the MDT, the portion of § 632.489.4 that Bradley relies on is irrelevant and did not bar Dr. Weitl from testifying as an expert in Bradley's case.
Point III is denied.
In his fourth point, Bradley argues that the court erred in allowing Dr. Weitl to testify to the opinions and conclusions of non-testifying evaluators, specifically those of Dr. Stanislaus and Dr. Jackson.[9] Bradley argues that doing so violated § 490.065 and his confrontation rights. We disagree.
Section 490.065.3 provides:
The facts or data in a particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing and must be of a type reasonably relied upon by experts in the field in forming opinions or inferences upon the subject and must be otherwise reasonably reliable.
"Section 490.065.3 permits an expert to consider facts not in evidence in forming an opinion or inference, but a two-step approach must be used to determine the admissibility of that expert opinion." In re Care & Treatment of Whitnell v. State , 129 S.W.3d 409, 416 (Mo. App. E.D. 2004). "First, the facts or evidence must be of a type reasonably relied on by experts in the field in forming opinions or inferences on *454 the subject." Id. "Second, the trial court must independently decide if the facts and data relied on by the expert meet a minimum standard of reliability, i.e. , are otherwise reasonably reliable." Id. "The trial court has discretion in deferring to an expert's assessment of what data is reasonably reliable." Id.
Here, Dr. Weitl testified that, as an expert in her field of psychology, she relies on the evaluations, opinions, and conclusions of other experts. She testified, "When a colleague has come to the same conclusion, it makes me more confident in my own." "Reliance on information and the opinions of others does not automatically disqualify an expert's testimony." In re Care & Treatment of T.D. v. State , 199 S.W.3d 223, 227 (Mo. App. S.D. 2006) (quoting Grab ex rel. Grab v. Dillon , 103 S.W.3d 228, 239 (Mo. App. E.D. 2003) ). "An expert can rely on such information provided that those sources are not offered as independent substantive evidence, but rather serve only as a background for his opinion." Id. (quoting Whitnell , 129 S.W.3d at 416 ). As such, the State established a sufficient foundation under § 490.065 to allow Dr. Weitl to testify as to the opinions and conclusions of other non-testifying experts. In re Care & Treatment of Underwood v. State , 519 S.W.3d 861, 873 (Mo. App. W.D. 2017).
Bradley complains that "there was no attempt to lay foundation or qualify non-testifying evaluators as experts." He argues that "[t]he record is void of evidence of: their knowledge, skill, experience, or training; how they conducted their evaluation or prepared their report; what records they reviewed; or how and why they reached their diagnoses and conclusions." We find this claim to be disingenuous. In Bradley's own motion to exclude this testimony, he repeatedly referred to Dr. Stanislaus and Dr. Reitmann as "experts." Furthermore, he did not object on this foundational basis at trial. "Adequacy of the factual or scientific foundation for expert opinion is ... waived absent a timely objection or motion to strike." Nichols v. Belleview R-III Sch. Dist. , 528 S.W.3d 918, 930 (Mo. App. S.D. 2017) (quoting Proffer v. Fed. Mogul Corp. , 341 S.W.3d 184, 187 (Mo. App. S.D. 2011) ).
In any event, to the extent Bradley sought to discredit the non-testifying experts' conclusions, he was able to do so through his own witness Dr. Steffan. And "[q]uestions regarding the sources and bases of an expert's opinion affect the weight rather than the admissibility of the opinion." Whitnell , 129 S.W.3d at 416. In short, the trial court did not err in allowing Dr. Weitl to testify to the conclusions of other non-testifying experts.[10]
Point IV is denied.
D. The evidence was sufficient to support the jury's verdict.
In his fifth point on appeal, Bradley argues that the evidence was insufficient to support the jury's verdict finding him to be a sexually violent predator. Specifically, he argues that the evidence was insufficient to support either Dr. Weitl's diagnosis of pedophilia or her conclusion that Bradley was more likely than not to reoffend if not confined. Though couched in terms of a challenge to the sufficiency of *455 the evidence, Bradley's real challenge is again directed at the bases for Dr. Weitl's opinion and conclusions.
"Once an expert opinion has been admitted, as any other evidence, it may be relied upon for purposes of determining the submissibility of the case." In re Care & Treatment of Turner v. State , 341 S.W.3d 750, 754 (Mo. App. S.D. 2011) (quoting In re Care & Treatment of O'Hara v. State , 331 S.W.3d 319, 320 (Mo. App. S.D. 2011) ). "An appellant 'cannot "backdoor" an issue relating to the admissibility of expert testimony under the guise of a sufficiency of the evidence argument.' " Id. (quoting O'Hara , 331 S.W.3d at 320 ).
Here, the State had to prove that Bradley (1) had been found guilty of a sexually violent offense and (2) suffers from a mental abnormality (3) that makes him more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility. § 632.480(5). Dr. Weitl testified that Bradley was convicted of first-degree statutory sodomy, a sexually violent offense under the statutory definition. She further testified that he suffers from pedophilia, which qualified as a mental abnormality under the statutory definition. And she testified that, based on her professional opinion, because of his mental abnormality, Bradley was more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility, based on her analysis of various static and dynamic risk factors used in multiple actuarial tools. Thus, the evidence was sufficient to support the jury's determination.
Point V is denied.
Conclusion
The trial court did not err in entering a judgment consistent with the jury verdict finding Bradley to be a sexually violent predator and ordering him committed to the Department of Mental Health for control, care, and treatment. Its judgment is affirmed.
Alok Ahuja and Edward R. Ardini, Jr., Judges, concur.

The psychologist originally appointed by the Department of Mental Health was, in fact, Dr. Stephen Jackson. Bradley , 440 S.W.3d at 549.

Bradley sought to exclude Dr. Weitl's testimony below on the additional ground that the State was not authorized to hire a privately retained expert. He has not raised that claim on appeal, and it has been rejected by the Eastern District of this court. See, e.g., In re Care & Treatment of Doyle , 428 S.W.3d 755, 761 (Mo. App. E.D. 2014) (holding that the "final sentence of Section 632.489.4 indicates an implicit right of either party to hire a private expert at its own expense.").

When arguing this motion in limine below, Bradley sought to preclude Dr. Weitl from testifying to the conclusions of only Dr. Stanislaus and Dr. Reitmann. Bradley made no mention of Dr. Jackson. And, in fact, Bradley's expert Dr. Steffan testified that he relied on Dr. Jackson's opinions in formulating his own. Thus, to the extent that Bradley is complaining on appeal about Dr. Weitl's testimony pertaining to conclusions made by Dr. Jackson, we find his claim not to be preserved. And, in light of the fact that his own expert relied on such information, we decline to review Bradley's claim as it relates to the conclusions of Dr. Jackson.

Dr. Weitl did not merely relay other experts' opinions. Though relying on their conclusions in her own analysis, she ultimately reached her own diagnosis and opinion. For this reason, we reject Bradley's claim that he was denied his right to confrontation. Cf. Graves v. Atchison-Holt Elec. Co-op. , 886 S.W.2d 1, 7 (Mo. App. W.D. 1994) (holding that "an expert who consults and merely summarizes the content of a hearsay source without applying his own expertise is merely a hearsay witness.").