

# Missouri Court of Appeals

### Southern District

### Division Two

IN THE MATTER OF THE CARE )
AND TREATMENT OF )
KEVIN STRANG, ) No. SD36885
a/k/a KEVIN D. STRANG, )
a/k/a KEVIN DAVID STRANG, ) **Filed: June 8, 2021**
)
  Respondent-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF DOUGLAS COUNTY

Honorable Elizabeth A. Bock

**AFFIRMED**

  Kevin David Strang ("Offender") appeals his civil commitment as a sexually violent predator ("SVP"), under sections 632.480 – .525,[1] on the ground that the trial court abused its discretion in refusing to dismiss the case "due to the failure of the state to produce any witnesses or admissible, substantive evidence at the probable cause hearing[.]" Because Offender was not prejudiced by any alleged deficiency, we affirm.

### Procedural Background

  Attached to the State's petition was an end of confinement report prepared by Nena Kircher, Psy.D. ("Dr. Kircher"). The report concluded that Offender met the definition of a SVP, and Dr. Kircher referred Offender's case to the Multidisciplinary Team. The members of the Multidisciplinary Team and the Prosecutor's Review

---

[1] Unless otherwise indicated, all statutory references are to RSMo 2016.

Committee provided sworn affidavits, all of which agreed with Dr. Kircher that Offender qualified as a SVP, and those affidavits were also attached to the petition.

In his answer, Offender admitted some averments in the petition and denied others.

At the probable cause hearing, the State announced that it would not be calling Dr. Kircher as a witness because "the statute doesn't require it[. . . .]  [The State is] proceeding on the petition under [section] 632.489.2."[2]  Offender argued that "the attachments . . . to the petition are not evidence, because the petition is not evidence, and by the rules of civil procedure the attachment of a document to a petition merely incorporates that into the petition itself.  So, that in and of itself is not evidence of anything."

After hearing argument from the attorneys and conducting additional research, the trial court "allow[ed] the State to go forward on the pleadings" and found probable cause to believe that Offender was a SVP.  The case was then tried to the court without a jury.  The trial court found Offender to be a SVP and delivered him to the custody of the Department of Mental Health.

**Analysis**

Offender's sole point claims the trial court

erred and abused its discretion because it denied [Offender]'s motion to dismiss the petition in this case due to the failure of the state to produce any witnesses or admissible, substantive evidence at the probable cause hearing under [section] 632.489.  This was error in that denying the motion to dismiss the petition denied [Offender] his due process rights,

---

[2] The statute provides that a person taken into custody upon the filing of an SVP petition is entitled to a probable cause hearing in which the court must determine the detainee's identity and whether probable cause exists to believe that the person is a SVP.  It further provides that "[t]he state may rely upon the petition and supplement the petition with additional documentary evidence or live testimony."  Section 632.489.2(1), (2).

and right to present a defense, . . . in that although a respondent has limited rights at a probable cause hearing, he is not totally devoid of rights, and the procedures in this case amounted to a denial of a hearing in any meaningful sense.

We review the trial court's denial of Offender's motion to dismiss for an abuse of discretion. *In re Care & Treatment of Lester Bradley v. State*, 554 S.W.3d 440, 450 n.5 (Mo. App. W.D. 2018).

In support of his point, Offender argues that allowing the State to proceed on the petition and its attachments alone:  (1) deprived Offender of his statutory rights under section 632.489; (2) infringed his right to effective assistance of counsel; and (3) eliminated the State's burden to demonstrate that it could make a submissible case, especially since Offender had denied some of the averments in the petition.

Even if we were to presume, *arguendo*, that the probable cause hearing was deficient (a finding we do *not* make), Offender cannot prevail because, having been adjudged a SVP by trial, he did not suffer the prejudice necessary to demonstrate reversible error.

> If [Offender] received a meaningful hearing at trial, a deficiency at the probable cause determination cannot prejudice him . . . .  The evidence necessary to establish probable cause was again presented, along with additional evidence, at trial, so [Offender] cannot say he did not receive a meaningful hearing during the SVP process.  The probable cause determination based on the allegedly deficient evidence was supplanted by the jury's verdict.  That jury verdict came after opportunity to cross-examine witnesses, present his own evidence, and testify in his own defense.[3]

---

[3] The trial court's findings have the force and effect of a jury verdict, and, as in a jury-tried case, we affirm its judgment if it is supported by substantial evidence. *State v. McMeans*, 201 S.W.3d 117, 118 (Mo. App. S.D. 2006).  Here, Offender appeals only the trial court's denial of his motion to dismiss for lack of probable cause – he does not claim that the judgment adjudicating him a SVP is not supported by substantial evidence.

*In re D.N.*, 598 S.W.3d 108, 121-22 (Mo. banc 2020) (holding that "[t]he subsequent jury verdict finding [Offender] a sexual violent predator supplants the probable cause finding"). *See also In re Care & Treatment of Martineau v. State*, 242 S.W.3d 456, 460 (Mo. App. S.D. 2007) (positing that the ultimate finding that the appellant is a SVP "beyond a reasonable doubt" would subsume an earlier probable-cause finding).

Offender's point is denied, and the judgment of the trial court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS