

# Missouri Court of Appeals

## Southern District

### In Division

THE STATE OF MISSOURI, ex rel. )
SPRINGFIELD R-XII SCHOOL DISTRICT, )
                                    )
               Relator, )
                                    )   No. SD38624
    vs. )
                                    )   FILED: February 20, 2025
THE HONORABLE JOSHUA BOYD CHRISTENSEN, )
CIRCUIT JUDGE FOR THE THIRTY-FIRST )
JUDICIAL DISTRICT, GREENE COUNTY, MISSOURI, )
                                    )
             Respondent. )

### ORIGINAL PROCEEDING IN MANDAMUS

(Before Growcock, C.J., Burrell, J., and West, J.)

### PERMANENT WRIT IN MANDAMUS ISSUED

PER CURIAM. Judge Joshua Boyd Christensen denied the Springfield R-XII School

District's ("Relator") motion to dismiss that asserted sovereign immunity. Relator seeks a

preliminary and permanent writ of mandamus, or in the alternative a writ of prohibition, that

directs Judge Christensen to vacate the denial of Relator's motion to dismiss. This Court granted

a preliminary writ of prohibition. Because we find that sovereign immunity precludes the claim

against Relator we now issue a permanent writ of mandamus.[1]

The plaintiff ("Plaintiff") in the underlying lawsuit is a female minor who attended Central High School, a school that is within Relator's district. Plaintiff alleges she was sexually assaulted in a stairwell area located on Relator's premises by a male student ("Student"). Plaintiff alleges Student's actions occurred in a "well-known blind spot … that was known to students and staff alike as the 'kissing stairwell' given that school surveillance cameras were not positioned to see this particular portion of the stairwell." Plaintiff further alleges that "[t]he lack of video surveillance in the stairwell constituted a dangerous condition in that the school authorities would be unable to monitor activity in this area."

Relator argues Plaintiff's claims asserted against Relator are "precluded by the doctrine of sovereign immunity as a matter of law and the narrowly tailored exception for a 'dangerous condition' does not apply since Plaintiff was injured by the criminal act of another student and was not injured by physical property, i.e., [Relator's] stairwell or the placement of security cameras."

"Sovereign immunity is a judicial doctrine that precludes bringing suit against the government without its consent. It bars holding the government or its political subdivisions liable for the torts of its officers or agents unless such immunity is expressly waived." **State ex**

---

[1] "This Court has jurisdiction to issue original remedial writs pursuant to article V, section 4.1 of the Missouri Constitution." **State ex rel. Wrinkle v. Cole**, 697 S.W.3d 850, 854 (Mo.App. 2024). "[P]rohibition is an extraordinary remedy which should only be employed in unequivocal cases[.]" **State ex rel. Bailey v. Sengheiser**, 692 S.W.3d 20, 22 (Mo. banc 2024) (quoting **State ex rel. Twiehaus v. Adolf**, 706 S.W.2d 443, 446 (Mo. banc 1986)). An appellate court has jurisdiction to issue a writ of prohibition to: (1) prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or when (3) a party may suffer irreparable harm if relief is not granted. **State ex rel. Jones v. Eighmy**, 572 S.W.3d 503, 506 (Mo. banc 2019) (internal quotation marks omitted). Similarly, "[a] writ of mandamus should issue only when a petitioner alleges and proves that he has a clear, unequivocal, specific right to a thing claimed." **Curtis v. Mo. Democratic Party**, 548 S.W.3d 909, 914 (Mo. banc 2018) (internal quotation marks omitted).

*rel. Div. of Motor Carrier & R.R. Safety v. Russell*, 91 S.W.3d 612, 615 (Mo. banc 2002). The

existence of sovereign immunity is a question of law. *Poke v. Independence Sch. Dist.*, 647

S.W.3d 18, 20 (Mo. banc 2022). "Statutory provisions waiving sovereign immunity are strictly

construed." *Allen v. 32nd Judicial Circuit*, 638 S.W.3d 880, 891 (Mo. banc 2022)*, as modified*

*on denial of reh'g (Mar. 1, 2022).*

Section 537.600.1(2)[2] waives immunity for injuries caused by dangerous conditions on

the public entity's property if the plaintiff establishes:

1. The property was in a dangerous condition at the time of the injury;

2. The injury directly resulted from the dangerous condition;

3. The dangerous condition created a reasonably foreseeable risk of harm of the kind of injury that was incurred; and

4. A public employee negligently or wrongly created the condition within the course of employment, or that the public entity had actual or constructive notice of the dangerous condition in time to have acted.

*Maune ex rel. Maune v. City of Rolla*, 203 S.W.3d 802, 804 (Mo.App. 2006).

"The plaintiff must establish these elements as part of its own case, because sovereign

immunity is not an affirmative defense." *Id.*

Relator is a public entity that enjoys sovereign immunity except as waived. *A.S. v.*

*Willard Pub. Sch.*, 702 S.W.3d 276, 280 (Mo.App. 2024). "Dangerous public property within

[section] 537.600.1(2)'s narrow exception 'must exhibit a defect that is physical in nature.'"

*Lackey v. Iberia R-V Sch. Dist.*, 487 S.W.3d 57, 59 (Mo.App. 2016) (*quoting* *Boever v. Special*

*Sch. Dist. of St. Louis Cnty.*, 296 S.W.3d 487, 493 (Mo.App. 2009)). "The dangerous condition

alleged must describe, define, explain, denote or reference only and exclusively the physical

---

[2] All statutory citations are to the Revised Statues of Missouri 2023, unless otherwise noted.

defects in, upon and/or attending to the property of the public entity. Dangerous condition includes 'both defects in the physical condition of public property and physical deficiencies created by the placement of objects on the public property.'" *J.M. v. Lee's Summit Sch. Dist.*, 545 S.W.3d 363, 369 (Mo.App. 2018) (internal citations and quotation marks omitted). *See also*, *State ex rel. City of Marston v. Mann*, 921 S.W.2d 100, 102 (Mo.App. 1996).

"Because the statutory waiver of sovereign immunity is premised on the existence of a physical defect, failure to perform an intangible act, whether it be failure to supervise or warn, cannot constitute a dangerous 'condition' of the 'property' for purposes of waiving sovereign immunity." *Z.S. by & through P.S. v. Rockwood Sch. Dist.*, 674 S.W.3d 818, 821 (Mo.App. 2023) (internal quotation marks omitted).

We need not entangle ourselves with Plaintiff's voluminous arguments and sub-arguments as they do not address the question before this Court in the writ proceeding. Plaintiff recounts at great length in her brief that Plaintiff would be able to use facts to support her claim regarding Student's prior sexual assault history at a different school, and prior criminal history without relating how any of that information pertains to her claim of dangerous condition. Plaintiff's brief reads much like a trial brief arguing the facts rather than instructing this Court on how the Respondent did not err in his ruling. This is further evidenced by statements such as, "Plaintiff would also be entitled at trial to either the benefit of evidence or a jury instruction regarding the obligations of [Relator] pursuant to [section] 160.261 to report to appropriate teachers the behavior of a student whose conduct would include, had it been committed by an adult, acts which would constitute sodomy in the second degree;" and "Plaintiff would also have available for use as evidence at trial, that [Relator], with full knowledge of the prior conduct of [Student] at Parkview High School more than a year earlier, caused him to be placed in

proximity to Plaintiff, a minor female student, where the two were reasonably foreseeable to physically encounter each other in the stairwell without human or electronic monitoring under conditions which [Student] was already known to prefer."

When Plaintiff addresses the issue of dangerous condition, she errantly relies on *Alexander v. State*, 756 S.W.2d 539 (Mo. banc 1988). In *Alexander*, our Supreme Court recognized that the dangerous condition exception allowed for waiver of sovereign immunity when "[t]he danger was created not by any intrinsic defect in the property involved, but by the dangerous condition created by the positioning of the various items. . . ." 756 S.W.2d at 542. Plaintiff points to *Alexander* and argues that the absence of cameras in Relator's stairwell amounts to a dangerous condition that caused Plaintiff's injuries. This argument is unavailing.

Plaintiff/Respondent's substantive argument is not that the physical condition of the stairwell, the physical absence of cameras, or the physically deficient positioning of objects were the actual physical cause of injury to Plaintiff. *See Z.S.*, 674 S.W.3d at 820–21. Rather, Plaintiff/Respondent's argument is more properly understood as suggesting that Relator's failure to supervise Student by the use of surveillance cameras (whether their output is observed or not) allowed him to sexually assault Plaintiff. This manner of failure to supervise claim, sounding in ordinary negligence, has been roundly rejected by our courts, as it is not an exception to sovereign immunity. *See, e.g.*, *id.* at 821 ("a failure to supervise or warn is not a dangerous condition of property resulting in a waiver of [Relator's] sovereign immunity"); *J.M.*, 545 S.W.3d at 370; *Russell*, 91 S.W.3d at 616.

The formulation of Plaintiff/Respondent's claim reflects an attempt to shoehorn a failure to supervise claim (barred by sovereign immunity) into a dangerous condition of property claim under section 537.600.1(2). "Attempts at 'shoehorning' one claim into another have not met

5

with favor in our appellate courts." ***Proby v. State***, 582 S.W.3d 170, 176 n.11 (Mo.App. 2019).[3]

"A [party] cannot back-door an issue . . . under the guise of [another claim]." ***In re Muston***, 350 S.W.3d 493, 497 (Mo.App. 2011) (internal quotation marks omitted). Plaintiff/Respondent's attempt to lodge a claim for failure to supervise in the guise of a dangerous condition of property claim is unavailing.

Because Plaintiff's petition does not aver that she was injured by the physical condition of Relator's property, the dangerous condition exception to section 537.600.1(2) is inapplicable, and sovereign immunity bars her premises-liability claim against Relator. As such, Relator's request for a permanent writ of mandamus is granted,[4] and the trial court is directed to dismiss Count I of Plaintiff's petition with prejudice.[5]

---

[3] *See, e.g.*, ***Proffer v. Federal Mogul Corp.***, 341 S.W.3d 184, 187 (Mo.App. 2011); ***Matter of Care and Treatment of Lester Bradley v. State***, 554 S.W.3d 440, 455 (Mo.App. 2018); ***Esparza v. State***, 518 S.W.3d 269, 272 (Mo.App. 2017); ***Turner v. State***, 341 S.W.3d 750, 754 (Mo.App. 2011); ***Woodworth v. State***, 408 S.W.3d 143, 150 (Mo.App. 2010); ***State v. Mitchell***, 41 S.W.3d 574, 579 (Mo.App. 2001).

[4] Respondent's motion to strike Relator's jurisdictional statement and brief is denied.

[5] Plaintiff/Respondent requests that should our disposition be adverse, that we direct the trial court not to dismiss her claim with prejudice, but rather to allow her to amend her claim to include the following allegations:

> [Relator's] notice and knowledge of the sexually violent [Student] and therefore his existence as a known violent third-party criminal and;
> in further detail the existence of a dangerous condition of [Relator's] Property as a deficiency in the property due to the inherent design of the stairway, its context in relation to the known and required use by students, and its position relative to other property of the public entity including the existing video cameras.

For the same reasons discussed, *supra*, these allegations also do not impute a dangerous condition to property claim per section 537.600.1(2), and more properly reflect a failure to supervise claim—this manner of claim is barred by Relator's sovereign immunity. *See **Z.S.***, 674 S.W.3d at 821. As such, under these circumstances, dismissal with prejudice is warranted.